(123 App. Div. 86.)

In re WILCOX.

(Supreme Court, Appellate Division, Fourth Department. January 8, 1908.)

1. MANDAMUS—AFFIDAVITS FOR WRIT—ADMISSIONS.

　　Where the facts stated in affidavits for mandamus are not controverted, on appeal from an order denying a writ, they should be taken as true.

2. SAME—WRIT TO FRATERNAL SOCIETY—CHANGE IN OFFICERS—EFFECT.

　　On a motion for mandamus to compel the reinstatement of the applicant as a member of respondent fraternal society, it is immaterial that a supreme officer ceased to be such before the motion was decided, whatever obligation rested upon him devolving upon his successor.

3. SAME—FOREIGN SOCIETY.

　　A foreign fraternal society having obtained a license to do business within the state becomes subject to the jurisdiction of the domestic courts the same as if incorporated within the state, and hence mandamus will lie to compel it to reinstate a member wrongfully expelled.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Mandamus, § 259.]

Appeal from Special Term, Onondaga County.

In the matter of the application of Frank Z. Wilcox for mandamus, directing the Supreme Council of the Royal Arcanum, etc., to reinstate applicant as a member of the order, etc. From an order denying a writ, applicant appeals. Reversed and remitted.

The motion was denied, as appears by the order appealed from, "on the ground that, as regards the said Wiggins, the papers fail to show that the relator has some right legally demandable of him, and that he has the power to perform the duty so required; and, as regards the Supreme Council of the Royal Arcanum, for the reason that the papers show that said Supreme Council of the Royal Arcanum is a foreign corporation, and that, therefore, the court has no jurisdiction to issue a writ of mandamus herein." The holding thus expressed in the order presents the only question for review upon this appeal.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, and ROBSON, JJ.

Stewart F. Hancock, for appellant.
S. M. Lindsley, for respondent.

McLENNAN, P. J. The facts stated in the affidavits of the relator, upon which the motion was made, are in no manner controverted by the respondent, and therefore, for the purposes of this appeal, such statements should be taken to be true, and it must be assumed that the relator was improperly and illegally expelled from the society.

We consider it of no importance that the Supreme Regent had ceased to occupy that office before the decision of this motion. Whatever obligation rested upon him in the premises equally rested upon his successor, whoever he might be, and, if the relator is entitled to

the relief demanded against the Royal Arcanum and such relief is enforceable as against it, it is immaterial who its subordinate officers may be, and who may be charged with the duty of giving force and effect to any decree of the court granting to the relator the relief demanded. So that, as suggested, the only question which need be considered is whether or not the Supreme Court of this state has the power to issue a peremptory writ of mandamus against a fraternal beneficiary society, a foreign corporation, but authorized to carry on and transact its business in this state, and to protect the rights of its members residents of this state, and to the same extent as such rights could be protected as against a domestic corporation. It has been uniformly held by the courts of this state that the writ of mandamus is the proper remedy to compel the reinstatement of members, in so far as it applies to a corporation organized under the laws of this state. In such case there is no question as to the power of the court to direct what the corporation should do in the premises in order to equitably protect the interests of the members.

It is insisted in the holding of the court in this case that, because of the fact that the defendant corporation is a resident of a foreign state, the Supreme Court of this state is without jurisdiction to deal with it. My notion is that a foreign corporation, such as is the defendant, which undertakes to do business in this state under a license granted by this state, puts itself in exactly the same relation as if it was a domestic corporation, organized under the laws of this state; in other words, that the license extended to such foreign corporation, enabling it to conduct its business in this state, has precisely the same effect as if the corporation had originally been organized to do business within this state, and that there is no distinction between a domestic corporation authorized under the laws of our state to carry on the business of insurance within this state and a corporation organized in another state, but which under the laws of our state and under a certificate granted to it is authorized to conduct and carry on a similar business. We are led to conclude that a foreign corporation, which can only do business in this state because of a license or certificate issued to it, after the issuance of such license or certificate, sustains precisely the same relation as do such corporations organized within this state; that such license so issued, when accepted, makes such foreign corporation, for all the purposes of serving process for the protection of the rights of its members, practically the same as if it were a state corporation. In other words, it seems to me that the law, so far as all procedure for the protection of the rights of individual members of mutual benefit insurance corporations is concerned, is precisely the same as regards foreign corporations, which have procured their certificate of the state authorizing them to do business therein, as it is in relation to domestic corporations; in other words, that the certificate thus authorizing the foreign corporation to do business in this state is in effect a license to it, and which, when accepted, is equivalent to a declaration on its part that it will accept the duties and responsibilities imposed by the laws of the state in which it assumes to do business.

In the case of Morgan v. Mutual Ben. Life Insurance Company, 189 N. Y. 447, 82 N. E. 438, recently decided by the Court of Appeals,

it seems to me that it has been decided that a foreign insurance company, which comes into this state under a certificate from the superintendent of insurance becomes for all practical purposes a domestic insurance corporation. As stated by Judge Chase in his opinion:

"A foreign insurance company is not allowed to do business in this state until it submits itself fully to the jurisdiction of our courts. It must obtain from our superintendent of insurance a certificate authorizing it to do business in this state. It is subject to examination by the insurance department of this state, and it is required to deposit with the superintendent of insurance of this state or with the Auditor, Comptroller, or general fiscal officer of the state by which laws it is incorporated stocks and bonds as provided by our statutes to the same amount as required by domestic insurance corporations, which stocks and bonds are held in trust for the benefit of all the policy holders of the corporation. A foreign insurance corporation is also required to appoint our superintendent of insurance its attorney in this state, upon whom all lawful process in any action or proceeding against the corporation can be served. The authority of such foreign insurance corporation must be revoked in case it applies to remove into the United States court any action brought against it in a court of this state. Our statutes expressly provide that an action against a foreign corporation may be maintained by a resident of the state or by a domestic corporation for any cause of action. Such an action may be maintained in this state by another foreign corporation or by a nonresident when the action is brought to recover damages for the breach of a contract made within this state. The presence of the insurance company in this state is not temporary, but continuous. It is legally and actually here, not only because process has been served upon it and it has appeared in the action, but it is here pursuant to the provisions of our statutes by authority of which it is doing business and maintaining offices in this state."

It seems to me that under the decision of the Court of Appeals quoted that the defendant, the Royal Arcanum, is a resident of this state so far as is necessary to make it amenable to the process of the Supreme Court of this state and to all decrees which may be made pursuant thereto.

Our conclusion is that, by reason of the certificate granted to the Royal Arcanum to do business in this state, and by its acceptance of such license, it became subject to the same rules and regulations, and to the same jurisdiction of the courts of this state, as if it had been originally incorporated therein.

It follows that the order appealed from should be reversed, with costs, and matter remitted to the Special Term for rehearing.

Order reversed, with costs, and the preliminary objections interposed by respondents at the Special Term held to be insufficient, and the entire matter remitted to the Special Term for rehearing thereon. All concur; KRUSE, J., not sitting.