PEOPLE ex rel. RUMAN v. NATIONAL SLAVONIC SOCIETY OF THE UNITED STATES OF AMERICA et al.

(Supreme Court, Appellate Division, First Department.   May 19, 1911.)

1. MANDAMUS (§ 187*)—ALTERNATIVE WRIT—APPEAL.

An order granting an alternative writ of mandamus is appealable, when the controversy is one of which the court has no jurisdiction.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 429; Dec. Dig. § 187.*]

2. MANDAMUS (§ 125*)—FOREIGN CORPORATIONS—"ACTION."

Mandamus will not lie to reinstate a resident to membership in a foreign corporation doing no business in the state, though Code Civ. Proc. § 1780, allows him to maintain an "action" against it; a proceeding for mandamus being a special proceeding, and not an action.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 259, 260; Dec. Dig. § 125.*

For other definitions, see Words and Phrases, vol. 1, pp. 128–140; vol. 8, p. 7563.]

Appeal from Special Term, New York County.

Mandamus by the People, on the relation of Aurel Ruman, against the National Slavonic Society of the United States of America and others, to compel respondents to reinstate relator to membership in the society.   From an order granting an alternative writ, the respondents appeal.   Reversed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Alfred B. Jaworower, for relator.

Joseph H. Kohan, for respondents.

SCOTT, J.   The defendant appeals from an order granting an alternative writ of mandamus.

[1] It is objected at the outset that the order is not appealable, and such is undoubtedly the general rule, because the alternative writ decides nothing, being in the nature of an order to show cause.   People ex rel. Levenson v. O'Donnell et al., 99 App. Div. 253, 90 N. Y. Supp. 961.   It is manifest, however, that the rule is not of universal application.   While an alternative writ decides nothing respecting the controversy between the parties, it does amount to an assumption of jurisdiction to pass upon that controversy; and when it appears that the controversy is one of which the court has no jurisdiction, an appeal from the order granting the alternative writ may properly be entertained.   Otherwise the parties might be put needlessly to the trouble and expense of a litigation, and the time of the court uselessly taken up, with the result, at the end, that the court will decline to make any decision.

[2] The defendant is a fraternal beneficial corporation organized under the laws of Pennsylvania.   The plaintiff, a former member, seeks by this proceeding to review his expulsion, which as it appears was the act of the central body, and not of a subordinate lodge or as-

sembly. What the plaintiff seeks to do, therefore, is to invoke the aid of this court to reinstate him to membership in a foreign corporation. This is asking the court to reach out beyond its jurisdiction and to make an order which it would have no power to enforce. This it will not undertake to do. We have been referred to only a single case in which the Supreme Court in this state assumed jurisdiction to entertain a similar proceeding against a foreign corporation; but in that case the ground upon which the court acted was that the defendant corporation had virtually become a resident of this state by taking out a license to transact business, and actually transacting it, within this state. Matter of Wilcox, 123 App. Div. 86, 108 N. Y. Supp. 483. Nothing of that sort appears here. It does appear that defendant has subordinate lodges within this state, and if relator's complaint was that he had been expelled from a resident subordinate lodge, and his application was for a mandamus against that lodge, a different question would be presented. But, as has been said, his allegation is that he was expelled by the parent nonresident corporation, and it is against that corporation that he asks for a mandamus.

The order cannot be upheld under section 1780, Code of Civil Procedure, which provides that:

"An action against a foreign corporation may be maintained by a resident of the state or by a domestic corporation for any cause of action."

A proceeding for mandamus is not an action, but a special proceeding. People ex rel. Field v. North Pac. Co., 50 N. Y. Super. Ct. 456.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.