THE PEOPLE OF THE STATE OF NEW YORK ex rel. MEYER SOLOMON, Respondent, v. BROTHERHOOD OF PAINTERS, DECORATORS AND PAPERHANGERS OF AMERICA et al., Appellants.

Mandamus — application by expelled member of labor unions to be reinstated in membership — when mandamus will not lie to compel such unions to reinstate the relator — when he may maintain action for restoration — erroneous award of damages in the mandamus proceeding.

1. The common-law right to issue the writ of mandamus which has not been changed by statute is limited to the enforcement of some duty prescribed by law as against persons and corporations within the jurisdiction, and in the absence of some statutory duty imposed upon such associations it will not lie against a voluntary unincorporated association.

2. The relator was tried upon charges by the district council of a labor union of which he was a member, and as a result of the trial expelled from the local union. From this expulsion he appealed to the general executive board of the brotherhood and the order of

116 Peo. ex rel. Solomon v. Brotherhood of Painters.

[218 N. Y.]                    Points of counsel.                    [May,

expulsion was affirmed. A further appeal was taken by the relator to the general assembly of the brotherhood where the order of expulsion was likewise affirmed. One of the defendants is a foreign corporation organized under the laws of the state of Indiana, the others are voluntary unincorporated associations consisting of more than seven members each. Relator seeks the issuance of a peremptory writ of mandamus against all three of the unions, requiring each of them to reinstate the relator to membership in its organization and requiring each of the respondents to pay the damages awarded the relator. *Held*, that the writ will not lie; if the relator has been improperly expelled he may by an action be reinstated in his membership in the local union, and restoration to membership in the local union operates to confer upon him all the rights and privileges which the members of that union possess in the district council and in the brotherhood. There is no basis in the record for that part of the order which required the foreign corporation to pay damages, nor allegation or proof of facts authorizing the award of damages against the unincorporated associations. The award of damages that was made in favor of the relator in this proceeding was improper. (*Schouten* v. *Alpine*, 215 N. Y. 225, followed.)

*People ex rel. Solomon* v. *Brotherhood of Painters*, 169 App. Div. 595, reversed.

(Argued April 10, 1916; decided May 2, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 5, 1915, which affirmed an order of Special. Term granting a motion for a peremptory writ of mandamus requiring defendants and each of them to reinstate the relator to membership in their several organizations and awarding the relator damages and costs.

The facts, so far as material, are stated in the opinion.

*Morris Hillquit* for appellants. A writ of mandamus does not lie against a foreign corporation. (*People ex rel. Ruman* v. *Nat. Slavonic Society*, 144 App. Div. 574; *People ex rel. Beharka* v. *Nat. Slavonic Society*, 153 App. Div. 885.) A mandamus does not lie against a voluntary unincorporated association. (*Fritz* v. *Muck*, 62

Peo. ex rel. Solomon *v.* Brotherhood of Painters. 117

1916.]        Opinion, per Seabury, J.        [218 N. Y.]

How. Pr. 69; *Matter of Weidenfeld* v. *Keppler*, 84 App. Div. 235; 176 N. Y. 562.) The denial of the defendants' motions to dismiss the complaint and to set aside the verdict as against the defendant brotherhood is reversible error. (*Schouten* v. *Alpine*, 215 N. Y. 225; *Reid* v. *Medical Society*, 156 N. Y. Supp. 780.) The verdict of the jury for damages was contrary to the law, and the denial by the court of the defendants' motion to set said verdict aside was reversible error. (*McCabe* v. *Goodfellow*, 133 N. Y. 89; *Schouten* v. *Alpine*, 215 N. Y. 225.)

*Alexander Rosenthal* for respondent. The court has jnrisdiction over the Brotherhood of Painters, Decorators and Paperhangers of America, and mandamus lies against that corporation. (*Brown* v. *Supreme Court of Foresters*, 66 App. Div. 263; *Matter of Wilcox*, 123 App. Div. 86; *Meurer* v. *D. B. & P. Assn.*, 54 N. W. Rep. 954; *People ex rel. Ruman* v. *Nat. Slavonic Society*, 144 App. Div. 574.) Where a foreign corporation comes into a state and enters into a contract with a domestic citizen without having complied with the laws of the state imposing conditions precedent to its right to do business therein it cannot set up its non-compliance with the law to defeat an action against it on the contract itself. (*Watertown Fire Ins. Co.* v. *Rust*, 30 N. E. Rep. 772; *Pennypacker* v. *Capital Ins. Co.*, 20 Am. St. Rep. 395; *Marshal* v. *Reading Fire Ins. Co.*, 29 N. Y. Supp. 334; *Frazin* v. *Zimmer*, 35 N. Y. Supp. 612; *H. F. B. Order* v. *Jones*, 84 S. E. Rep. 219; *People ex rel. Singer* v. *Knickerbocker Tea Co.*, 38 Misc. Rep. 452.)

Seabury, J. The questions presented for determination upon this appeal arise out of a mandamus proceeding. That proceeding has resulted in the issuance of a peremptory writ of mandamus against the respondents requiring each of them to reinstate the relator to membership in its organization and requiring each of the respondents to pay

the damages awarded the relator. The relator is a painter by trade and claims to have been unlawfully expelled from membership in the respondents' organizations. The respondents are (1) The Brotherhood of Painters, Decorators and Paperhangers of America, (2) The District Council of New York, No. 9, Brotherhood of Painters, Decorators and Paperhangers of America, and (3) Local Union No. 1011 of New York, Brotherhood of Painters, Decorators and Paperhangers of America. · The first named organization called the Brotherhood is a foreign corporation organized· under the laws of the state of Indiana. The District Council of New York City, No. 9, and the Local Union No. 1011 of New York are voluntary unincorporated associations consisting of more than seven members each. The foreign corporation, called the Brotherhood, is a national labor union or association of local labor unions in various parts of the United States and Canada. It had under its constitution a limited jurisdiction over the local unions in affiliation with it and is governed and controlled by these various local unions through delegates elected by the local unions. It maintains an office for the transaction of business in the state of Indiana and transacts its business in that state. It had no office in the state of New York and none of its officers reside or transact its business within. this state. It has not been authorized to do business in this state. The District Council of New York City, No. 9, is an association of local unions within New. York. Local Union No. 1011 of New York, is a local labor union. Membership in the local union carries with it membership in the district council and confers certain rights and privileges in the Brotherhood with which it is affiliated. The relator became a member of the local union in 1903 and continued in such membership until June 6th, 1912, when he was tried upon charges by the district council and· as a result of said trial expelled from the local union. From this expulsion the relator appealed to the general executive

Peo. ex rel. Solomon *v*. Brotherhood of Painters.  **119**

1916.]  Opinion, per Seabury, J.  [218 N. Y.]

board of the Brotherhood and the order of expulsion was affirmed.  A further appeal was taken by the relator to the general assembly of the Brotherhood where the order of expulsion was likewise affirmed.  The writ of mandamus which the relator has been awarded by the courts below not only directed his reinstatement to membership in each of these separate organizations, but also awards him the sum of $998.50 as damages and costs against all of the respondents.  The relator has sought to avail himself of a remedy which was not properly open to him.  Mandamus was originally regarded as a prerogative writ.  In modern times it has been somewhat assimilated to ordinary remedies.  The power of the courts to grant a remedy by means of this writ is derived from the common law and from statutory enactments.  The common-law right to issue the writ is limited to the enforcement of some duty prescribed by law as against persons and corporations within the jurisdiction.  Generally speaking, foreign corporations are not, so far at least as their internal affairs are concerned, subject to regulation by the courts of this state.  The question of membership in a foreign corporation relates to the internal affairs of the corporation and is subject to regulation only by the courts of the state or country to which the corporation owes its existence.  When a foreign corporation accepts a license to do business in this state or does some act which subjects itself to the jurisdiction of this state, it may be treated as a domestic corporation to the extent of rendering it subject to the writ of mandamus.  (*Matter of Wilcox*, 123 App. Div. 86; *Morgan* v. *Mutual Benefit Life Ins. Co.*, 189 N. Y. 447.)  Where, however, it has not been authorized to do business in this state and has done no act to subject it to the jurisdiction of this state, its action in reference to its internal affairs may not be controlled by the writ of mandamus.  (*People ex rel. Ruman* v. *National Slavonic Society*, 144 App. Div. 574; *People ex rel. Beharka* v. *National Slavonic Soci-*

*ety,* 153 App. Div. 885.) · This is the rule of the common law (*Andrews* v. *Mines Corporation,* 205 Mass. 121) which has not been changed in this state by statute. (*Matter of Rappleye,* 43 App. Div. 84; *Travis* v. *Knox Terpezone Co.,* 215 N. Y. 259.)

Not only is the Brotherhood a foreign corporation organized under the laws of Indiana, and not authorized by this state to do business within its borders, but the claim that it has subjected itself to the jurisdiction of this state rests upon the fact that it is affiliated with local unions which exist in this state as voluntary unincorporated associations. This single fact will not sustain the claim that is sought to be predicated upon it. The voluntary unincorporated associations and the foreign corporation are separate and distinct legal entities. The fact that each cooperated with the other in the carrying out of their several purposes does not justify disregarding their separate existence and different place of origin and activity and authorize the courts to hold that the Indiana corporation is to be deemed constructively present and doing business in every state where voluntary unincorporated associations are affiliated with it. An attempt is made to sustain the order appealed from on the ground that although the Brotherhood is a foreign corporation it has assumed to come within this state to pursue the object of its incorporation and, therefore, cannot deny the jurisdiction of our courts to scrutinize its action and afford redress for a wrong done to a resident within the state. The fallacy underlying this argument has already been indicated to rest upon the assumption that the local unions are to be deemed the agents of the foreign corporation and the presence of the locals in this state equivalent to the constructive presence here of the foreign corporation. This assumption ignores the true relationship existing between the Brotherhood and the local unions. The Brotherhood is governed by the laws applicable to a corporation organized under the laws of the state of

Indiana. It is governed, also, under a federated system defined in its constitution which places its management in the hands of those selected by the representatives of the local unions. The Brotherhood has no jurisdiction over the admission or reinstatement of members in the local unions. Its membership is composed of the members of the local unions. The writ was, therefore, improperly granted against the foreign corporation called the Brotherhood.

The district council and the local union are both voluntary, unincorporated associations, and it is well settled that mandamus in the absence of some statutory duty imposed upon such associations will not lie against a voluntary unincorporated association. (*Matter of Weidenfeld* v. *Keppler*, 84 App. Div. 235; affd., 176 N. Y. 562.) The correctness of this last proposition was recognized by the learned Appellate Division, but effect was not given to it upon the theory that because the unincorporated associations were existing in this state, and were affiliated with the Brotherhood, therefore, the writ would run against the Brotherhood notwithstanding that it was a foreign corporation not authorized to do business in this state. Although it is conceded that the writ could not issue against the foreign corporation except for the existence of the voluntary, unincorporated associations, the existence of these associations is made the basis for issuing the writ not only against the foreign corporation but also against the local associations, notwithstanding that it is also conceded that mandamus will not lie against a voluntary, unincorporated association. Under this theory the existence of the unincorporated associations in this state is made the basis for issuing the writ not only against these associations but also against the foreign corporation, which neither transacted nor was authorized to transact business in this state, and which had done no act which subjected it to the jurisdiction of this state. The attempt of the relator to sustain this

theory requires him to disregard the separate existence of the foreign corporation and the local voluntary, unincorporated associations and to indulge the hypothesis that these three entities are in fact one. Thus it is claimed that the writ may issue against the foreign corporation because the local unincorporated associations exist in this state, and may issue against the local unincorporated associations because they are to be deemed agents of a foreign corporation. The argument urged in support of this theory starts with the concession that the writ will not lie against either the foreign corporation or the unincorporated associations, and ends with the conclusion that it may properly run against both the foreign corporation and the unincorporated associations. Not only is the conclusion reached inconsistent with the premise, but the hypothesis that these three respondents are to be considered as a single entity is negatived by the allegations of the petition of the relator which clearly sets forth the separate existence of each, and prayed that a mandamus should issue against each of the respondents.

No hardship or injustice results to the relator by adhering to the established rules governing the remedy by mandamus. If the relator has been improperly expelled he may by an action be reinstated in his membership in the local union, and restoration to membership in the local union operates to confer upon him all the rights and privileges which the members of that union possess in the district council and in the Brotherhood.

The award of damages that was made in favor of the relator in this proceeding was improper. This award was made to compensate the relator for the earnings alleged to have been lost by reason of his expulsion. In so far as the foreign corporation called the Brotherhood is concerned it acted as an appellate body to review the order of expulsion which was entered against the relator by the district council. Its only action in the case was the

exercise of its function to hear the appeal and review the action of the local body. Even if the court below had jurisdiction to issue the writ of mandamus against the foreign corporation, that corporation could not be held liable in damages to the relator because it affirmed the order of expulsion in the absence of fraud or bad faith. (*Schouten* v. *Alpine*, 215 N. Y. 225.) In the case under consideration neither fraud nor bad faith on the part of the Brotherhood was alleged or proved. There is, therefore, no basis in the record for that part of the order which required the foreign corporation to pay damages to the relator.

In so far as the district council and the local union are concerned, both being voluntary, unincorporated associations, this proceeding is brought against them only by virtue of section 1919 of the Code of Civil Procedure. It is well established that in a proceeding or action against a voluntary, unincorporated association, to recover damages, facts must be alleged and proved which render all the members of such association liable for the sum claimed (*McCabe* v. *Goodfellow*, 133 N. Y. 89; *Schouten* v. *Alpine, supra.*) In the present proceeding there was neither allegation nor proof to meet the requirements of this rule.

It follows that the order of the Appellate Division should be reversed, with costs in this court and in the courts below, and the proceeding should be dismissed.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, HOGAN and POUND, JJ., concur; CUDDEBACK, J., dissents as to all matters except damages.

Order reversed, etc.