Woolf Segenfeld and Samuel Kalin, Copartners Doing Business under the Firm Name and Style of the Neutral Embroidery Works, Plaintiff, v. Zachary L. Friedman, Individually and as President of the Bonnaz, Singer and Hand Embroiderers Union, Local No. 66, etc., et al., Defendants.

(Supreme Court, New York Special Term, January, 1922.)

Equity — police duty not within its province — injunction pendente lite not granted to restrain continuance of strike where plaintiffs broke contract with employees — constitutional law — right to picket — right to refuse to hold conversation.

A court of equity is not a police station and while the court will always use its powers to prevent the infliction of irreparable injury, there should not be imposed upon it the ordinary performance of police duty.

Upon a motion to continue an injunction *pendente lite* to restrain the continuance of a strike, affidavits stating that individual defendants have been guilty of acts of violence, of truculence, of the use of opprobrious epithets, and of interfering with plaintiff's employees, considered in connection with the emphatic denials of the accused defendant, are not of that convincing character which justifies the intervention of equity.

Where it appears that the plaintiffs, themselves, in attempting to reduce the wage scale provided for in a collective bargaining contract to which they with others and the defendant labor union were parties, have broken the contract without the consent of the parties thereto and without resorting to the readjustment machinery agreed upon, the motion will be denied and the injunction dissolved.

*Hitchman Coal & Coke Co.* v. *Mitchell,* 245 U. S. 229, distinguished.

The right to picket is founded on constitutional principles and no sound principle of law prohibits orderly picketing or that which does not infringe upon the rights of others, and whether one or several pickets be maintained is not material.

It is also the constitutional right of every person to refuse to hold conversation with others.

Supreme Court, January, 1922.    [Vol. 117.

MOTION for continuance of injunction *pendente lite.*

Gordon, Tally & Gordon (Harry A. Gordon, of counsel), for plaintiffs.

Morris Rothenberg, for defendants.

WAGNER, J. The plaintiffs apply for an injunction *pendente lite,* restraining the defendants from continuing a certain strike now being carried on against the plaintiffs, from picketing in the vicinity of plaintiff's place of business in connection with said strike, from attempting to induce plaintiff's employees to join the strike, and from committing certain unlawful and disorderly acts claimed to have been committed by certain of the defendants in the course of the strike. It would be useless in this memorandum to state at length the facts involved in the controversy.

The defendant union cannot be enjoined *pendente lite* for no proof is presented to establish that it either authorized or ratified the acts complained of. To identify the union with the acts of others, clear and convincing evidence is required. A labor union is a legal entity. Between it and its members there is a distinction as well defined as that existing between individual members of the union. In the same manner as the acts of one member do not bind another, so the acts of the individual will not bind the association, without additional proof that there was an associated promotion or ratification of the acts complained of.

The affidavits submitted, alleging that individual defendants have been guilty of acts of violence, of truculence, of the use of opprobrious epithets, and of interfering with plaintiff's employees, when considered with the emphatic denials of the defendants accused, are not of that convincing character to justify equity's intervention. While a court of equity will

always use its powers to prevent the infliction of irremediable damages, there should not be imposed upon it the ordinary performance of police duty.

If a defendant, as is alleged, committed the assault charged, he could easily be apprehended and prosecuted if a complaint were lodged with the police authorities. The most drastic, severe, and permanent of all injunctions against violence is the Penal Law. Constant in its operation, it stands as a deterring influence upon those animated with unlawful purposes or designs, and equity's reluctance to interfere with its performance is well settled and recognized. A court of equity is not a police station.

I am also asked to restrain the picketing which some of the defendants are concededly doing in the vicinity of the plaintiff's place of business. I know of no sound principle of law which prohibits orderly picketing or that which does not transgress on the rights of others. Indeed, a great body of law affirmatively establishes the opposite proposition. The right to picket is founded on constitutional principles, and although it might appear that some recent adjudications in certain jurisdictions encroach upon this right, the constitutional guarantee still survives and must be respected and upheld. Nor is it material whether one or several pickets be maintained. Right or wrong is not determined by mere numerical considerations. The act of a single man, if right, is not made wrong because it is performed by several men. The right to freedom of speech and freedom of action belongs not only to the individual, but to individuals combined for a lawful purpose. That several insist on exercising their rights simultaneously does not of itself transmute their act to a wrong or illegality. Of course, if the employees approached are unwilling to listen to argument or inducement brought forward by defend-

Supreme Court, January, 1922.     [Vol. 117.

ants, they should not be disturbed, for it is the constitutional right of every person to refuse to hold conversation with others, even if such arguments be fortified with wisdom or benefit to the person whose audience is sought.

The plaintiffs also assert that their legal rights are being violated, because the pickets are attempting to induce plaintiffs' employees to abandon plaintiffs' employ and join the union in violation of their agreements of employment. Were plaintiffs' cause not impaired by their own breach of contract their ground for relief would be persuasive. It is always difficult to decide questions of fact upon sharply conflicting affidavits, for there is lacking the opportunity to confront the witnesses and to hear them testify. Of course, my findings now are not conclusive, but I lean to the view that the plaintiffs breached the collective bargaining contract to which they with others and the defendant union were parties, in attempting to reduce the wage scale provided for in the aforesaid pact without the mutual consent of the parties and without resorting to the readjustment machinery agreed upon. Under such circumstances the decision in the case of *Hitchman Coal & Coke Co.* v. *Mitchell*, 245 U. S. 229, relied upon by plaintiffs as a precedent, has no application, for in that case there were valid existing contracts which defendants were attempting to induce the workers to abandon, and the plaintiffs' cause there was not tainted with a breach. To seek the aid of equity the applicant must himself do equity.

The motion is denied and temporary injunction is dissolved. Settle order on notice.

**Motion denied and temporary injunction dissolved.**