MAX TANNENBAUM, Plaintiff, v. " LOUIS " HOFBAUER, Individually and as President of the INSIDE IRON AND BRONZE WORKERS UNION, LOCAL No. 275, etc., and Others, Defendants.

Supreme Court, New York County, September 26, 1931.

*Harry L. Kreeger* and *William Roth*, for the plaintiff.

*William Karlin*, for the defendants.

SHIENTAG, J. Motion to set aside the dismissal of the complaint ordered by the trial court at the close of plaintiff's case. This is an action to recover damages for an assault and battery alleged to have been committed upon the plaintiff by nine unidentified men acting under the order of Powers, a business agent of the defendant

union. The plaintiff's evidence establishes for the purposes of this motion: (1) That the unlawful injury to the plaintiff was effected by an agent of the defendant union in furtherance of a strike called by the defendant union; (2) that no by-laws, resolution or official decree authorized this tortious act; and (3) that the unlawful activity of Powers and of other business agents of the union were not continued over a long enough period or otherwise notorious enough to warrant an inference that the members of the defendant union knew of these illegalities and acquiesced in them. "It is well established that in a proceeding or action against a voluntary, unincorporated association, to recover damages, facts must be alleged and proved which render all the members of such association liable for the sum claimed. (*McCabe* v. *Goodfellow*, 133 N. Y. 89; *Schouten* v. *Alpine, supra* [215 id. 225].)" (*People ex rel. Solomon* v. *Brotherhood of Painters, Decorators & Paperhangers of America*, 218 N. Y. 115, 123.) Such universal liability may be established by a public act of the association itself. It may also be established by acts of officers, agents or members of the association where such acts are known to the membership and actively or passively approved. But "to identify the union with the acts of others, clear and convincing evidence is required. A labor union is a legal entity. Between it and its members there is a distinction as well defined as that existing between individual members of the union. In the same manner as the acts of one member do not bind another, so the acts of the individual will not bind the association, without additional proof that there was an associated promotion or ratification of the acts complained of." (*Segenfeld* v. *Friedman*, 117 Misc. 731, 732.)

The motion is denied. Exception to plaintiff, who is allowed a stay of execution of thirty days and sixty days to make a case. Settle order.