(43 App. Div. 84.)

In re RAPPLEYE.

(Supreme Court, Appellate Division, First Department.   July 18, 1899.)

MANDAMUS—INSPECTION OF BOOKS OF FOREIGN CORPORATION.
    Mandamus cannot be maintained against a foreign corporation, to compel an inspection of its books and records, by one of its stockholders residing in the state, who merely seeks to enforce his right of inspection as a member of the corporation, though the books, the office of the company, and the business thereof are in the state.

Appeal from special term, New York county.

Application by Hannibal W. Rappleye for mandamus to compel an inspection by him of the books and records of the Farmers' Feed Company.   From an order denying his application, petitioner appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Herbert H. Walker, for appellant.
Martin Paskusz, for respondent.

BARRETT, J.   The appellant's application was denied upon the merits.   The learned justice at special term, upon a careful review of the papers presented to him, held that a proper case for the exercise of the court's discretion had not been made out.   We are not disposed to differ with him in this conclusion, but we think that, apart from its merits, the application should have been denied for lack of jurisdiction.   The respondent is a foreign corporation, organized under the laws of New Jersey, and the appellant is one of its stockholders.   It will be observed that the application for an inspection is not made in an action, either at law or in equity.   It has in fact no relation to any cause of action which the appellant individually may have against the foreign corporation.   The applicant simply asserts what he deems to be his right as a member of the corporation, and he seeks to enforce that right by a writ of mandamus.   Jurisdiction has not been conferred upon the courts of this state to grant such a writ in enforcement of such a right.   We undoubtedly have such jurisdiction, both at common law and by statute, in the case of a domestic corporation (In re Steinway, 159 N. Y. 250, 53 N. E. 1103), but none as to foreign corporations.   Our statute upon the subject relates exclusively to domestic corporations (Laws 1892, c. 688, § 29), while our common-law jurisdiction is limited to that formerly possessed by the court of king's bench in England.   Steinway Case, supra.   That jurisdiction did not extend to foreign corporations.   Mandamus was originally issued by the king to his subject, ordering the performance of some specified act.   Later, mandamus, though still a prerogative writ, was issued in the king's name from the court of king's bench, and directed to persons and corporations within the king's dominions.   In modern times the writ has been somewhat assimilated to ordinary remedies, but even as such it is still limited to persons or corporations within the king's dominions.   The common-law jurisdiction here is limited in

like manner. The member's right to inspect the books of a foreign corporation depends upon the law of that corporation's being, and can only be enforced by the courts of its legal existence. The foreign corporation as a legal entity is not here, although its officers, property, and books may be found here. Our special jurisdiction over foreign corporations is conferred and regulated by statute. In an action against a foreign corporation properly instituted under our law, the ordinary remedies of discovery and inspection of books and papers are doubtless applicable. In such an action, too, production of the books within our jurisdiction can be compelled by subpœna duces tecum or authorized judicial order. But that is an entirely different affair from a proceeding by mandamus which has no other purpose, and looks to no other relief, save that of granting to the stockholder his membership right of inspection. In such an independent proceeding he substantially asks our courts to interfere in the internal management of the affairs of the foreign corporation,—a request which has been refused in all the cases to which our attention has been called. In Howell v. Railway Co., 51 Barb. 379, an injunction to restrain the payment of a stock dividend which had been declared on the preferred and common stock of a foreign corporation was refused. Ingraham, J., therein discussed the powers of our courts over foreign corporations; and he held, in substance, that the jurisdiction over them was limited to the powers conferred by the Code. "It is," he said, "the duty of the state to provide for the collection of debts from foreign corporations due to its citizens, and this has been done; and it is the duty of the state to protect its citizens from fraud, by all the means in its power, whether against domestic or foreign wrongdoers. This, however, does not authorize the courts to regulate the internal affairs of foreign corporations. The courts possess no visitorial power over them. We can enforce no forfeiture of charter for violation of law, nor can we remove directors for misconduct. These powers all properly belong to the courts of the state from which they derive their existence. It is for these reasons I think there is no propriety in enjoining the defendants in the present case." This case was cited with approval in Mining Co. v. Field, 64 Md. 151, 20 Atl. 1039. There the complainant sought to be reinstated as a member of a foreign corporation. "He seeks this," said the court, "through the extraordinary remedy of a mandamus to compel the board of directors to place on their books his name as a stockholder, and thus to restore to him all the rights of a member of a corporation, which the directors say he has forfeited." The application was denied, the court laying down the general rule that where "the act complained of affects the complainant solely in his capacity as a member of the corporation, whether it be as a stockholder, director, president, or other officer, and is the act of the corporation, whether acting in stockholders' meeting or through its agents, the board of directors, then such action is the management of the internal affairs of the corporation, and in case of a foreign corporation our courts will not take jurisdiction." The same rule was laid down in Madden v. Light Co., 181 Pa. St. 618, 37 Atl. 817; the court following the

Maryland case, and saying that it was immaterial that the visible, tangible property of the foreign corporation is situated in the state, and that all questions as to the organization of the foreign corporation, its corporate functions, who shall become members, and what are their rights as members, were for the New Jersey courts. See, also, Silver Mines v. Brown, 7 C. C. A. 412, 58 Fed. 645, and Wilkins v. Thorne, 60 Md. 253.

The applicant here is not without redress. He may apply to the courts of New Jersey. It has been there held that, where a corporation of that state does business and keeps its books outside of the state, it will be compelled to bring the books in for inspection of members. Huylar v. Cattle Co., 40 N. J. Eq. 392, 2 Atl. 274. It cannot, therefore, be said that our want of jurisdiction here leads to an entire failure of justice. But, whatever inconvenience may result from our inability to grant a mandamus in such cases as this, we think it quite clear, both upon principle and authority, that the inability exists; and consequently the order appealed from was right, and should be affirmed, with costs. All concur.