### In re CROSBY.

(Supreme Court, Appellate Division, First Department. July 18, 1899.)

CORPORATIONS—INSPECTION OF BOOKS OF FOREIGN CORPORATION—MANDAMUS.
    Mandamus proceedings cannot be maintained against a foreign corporation to compel an examination of its books and records by one of its stockholders residing in another state, who merely seeks to enforce his right of examination as stockholder.

Appeal from special term, New York county.

Application by Josiah F. Crosby for mandamus to examine the books and records of the Corralites Company and the Candelaria Mining Company. From an order granting the application (59 N. Y. Supp. 865), defendants appeal. Reversed.

Argued before BARRETT, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Edward M. Shepard, for appellants.
James Harold Warner, for respondent.

PER CURIAM. The order in this case must be reversed, upon the opinion in Re Rappleye, 59 N. Y. Supp. 338, herewith handed down. There is no substantial difference between the two cases. If there is any distinction, it is one which is unfavorable to the present relator, as he is a nonresident of this state. As such, he could only maintain even an action here against these foreign corporations in those limited cases specified in section 1780 of the Code of Civil Procedure. The only authorities at all in point to which our attention is called on this appeal, not referred to or considered in the Rappleye opinion, are Richardson v. Swift, 7 Houst. 137, 30 Atl. 781, and State v. Farmer, 7 Ohio Cir. Ct. R. 429. In these cases the courts of Ohio and Delaware were asked either to enforce a statute

of the foreign state expressly giving a right of inspection to the stockholder, or to enforce what was claimed to be his common-law right. These decisions seem to have proceeded upon the views of those learned courts as to the jurisdiction over foreign corporations peculiar to their respective states. In one of these states such a jurisdiction seems to have been conferred by statute, and in the other a common-law jurisdiction was apparently asserted and exercised. No such jurisdiction, however, has been conferred upon our courts by the statutes of this state, and a different view of the common-law jurisdiction has always prevailed here. We have invariably held that jurisdiction over foreign corporations was limited to such as is conferred by the statutes of the state, and that we have no general or common-law jurisdiction over them, of a visitorial character, or in regulation of their internal affairs.

After fully considering all the suggestions made and authorities cited upon the present appeal, we see no reason for deviating from the views expressed in the Rappelye Case. The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.