(44 Misc. Rep. 514.)

MITCHELL v. NORTHERN SECURITY OIL & TRANSPORTATION CO.

(Supreme Court, Special Term, New York County. July, 1904.)

1. FOREIGN CORPORATIONS—INSPECTION OF BOOKS—MANDAMUS.

The courts of the state have no authority to grant a writ of mandamus on an application of a stockholder of a foreign corporation to compel an inspection of the books of the corporation by him.

2. SAME.

The state in which a corporation is organized has alone authority to allow inspection of books by a stockholder, and to compel the books to be brought into the state if necessary for that purpose.

In the matter of the application of Caroline B. Mitchell for a writ of mandamus to the Northern Security Oil & Transportation Company. Motion denied.

Franklin Bien, for petitioner.
Alexander Thain, for respondent.

BLANCHARD, J. It was distinctly held in Matter of Rappleye, 43 App. Div. 84, 59 N. Y. Supp. 338, for an inspection of the books and records of the Farmers' Feed Company, that the courts of this state have no jurisdiction to grant, upon an application by a stockholder of a foreign corporation, a writ of mandamus to compel an inspection by him of the books and records of such corporation, and that the right to such inspection is enforceable only by the courts of the state in which the corporation has its legal existence. An appeal was taken from such determination to the Court of Appeals, where the appeal was dismissed (161 N. Y. 615, 55 N. E. 1100), and the law appears to be settled. In the proceeding at bar the petitioner alleges that she is a stockholder in the Northern Security Oil & Transportation Company, a corporation

created by and under the laws of the state of New Jersey, and asks for a writ of mandamus permitting her to inspect the records and books of such corporation. The respondent admits that the corporation was organized under the laws of the state of New Jersey, but alleges that its business and its principal place of business, other than such as is required to be maintained in the state of New Jersey, is in the state of Texas, where the company owns its property and conducts its business in selling oil. In any event, it is a foreign corporation. The respondent also states that every book of said corporation which would throw any light upon the financial transactions of the company are in the state of Texas, and, as the respondent's statement is not adequately refuted, I fail to see how the writ prayed for would benefit the petitioner. The petitioner is not without redress. She may apply to the courts of New Jersey. When a corporation of that state does business and keeps its books outside of the state, it may be compelled to bring the books in for inspection of members. Huylar v. Cragin Cattle Co., 40 N. J. Eq. 392, 2 Atl. 274. The motion for a writ must be denied. No costs.

Motion denied; no costs.