## MORGAN v. HOWARD.

(Court of Appeals of District of Columbia. Submitted October 12, 1923. Decided November 5, 1923.)

No. 3944.

1. **Corporations ⟨key⟩395—Insurance company incorporated by special act not within provisions of Code as to keeping of stock books open for inspection.**

A fire insurance company incorporated under Act March 3, 1837, the charter of which was amended and extended by Act Feb. 7, 1857, Act March 3, 1887, and Act February 18, 1911, that filed its certificate for the purpose of becoming perpetual under Code D. C. § 641, providing that a fire insurance company formed agreeably to law might become perpetual by filing such a certificate, *held* not within sections 627 and 628, requiring every corporation "formed under this subchapter" to keep a stockbook open for inspection of its stockholders and creditors.

2. **Mandamus ⟨key⟩129—Not granted to compel corporation to allow stockholders desiring to harass corporation to inspect books.**

Where a stockholder desires an inspection of the corporate books to harass and perhaps destroy the corporation, the court will not grant him a writ of mandamus to compel the corporation to allow the inspection.

3. **Mandamus ⟨key⟩1—Nature and scope of remedy in general.**

Mandamus is awarded, not as a matter of right, but in the exercise of a sound judicial discretion, to remedy and not to promote a wrong, to compel the performance of an actual duty rather than to direct the performance of an act which will work public or private mischief, and, though classed as a legal remedy, its issuance is largely governed and controlled by equitable principles,

Appeal from the Supreme Court of the District of Columbia.

Suit by Eugene Morgan against Albert W. Howard, Secretary of the Firemen's Insurance Company of Washington & Georgetown. From a judgment dismissing the petition, complainant appeals. Affirmed.

James E. Padgett and William W. Millan, both of Washington, D. C., for appellant.

James B. Archer, John L. Smith, J. M. Chamberlin, and Godfrey L. Munter, all of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District dismissing appellant's petition, as a stockholder of The Firemen's Insurance Company of Washington & Georgetown, D. C., for a writ of mandamus commanding the appellee, as secretary of that company, to permit appellant to inspect and make extracts from the stockbook of the company.

[1] The petition avers, among other things, that on the 12th day of March, 1908, the corporation in question filed in the office of the recorder of deeds for the District of Columbia, under section 641 of the Code, its certificate of incorporation for the purpose of becoming perpetual; that by virtue thereof the company became a corporation under the terms and provisions of subchapter 4 of the Code, "which provide that it shall be the duty of the trustees of corporations formed

under said subchapter to cause a book to be kept by certain of its officers containing the names of all persons who are stockholders of such company, showing their place of residence, the number of shares held by them respectively, the time when they became the owners of such shares, and the amount of stock actually paid in;" that this book was kept and is under the control of the secretary of the corproation, appellee herein; that by section 628 of this subchapter 4 it is provided that this stockbook "shall, during the usual business hours of the day, on every business day, be open for the inspection of stockholders and creditors of the company and their personal representatives, * * * and any stockholder, creditor, or representative shall have a right to make extracts from such books." It is further alleged that appellant, on the 5th day of August, 1922, was the owner of record of 140 shares of the capital stock of the company, and that he duly made a demand upon the appellee for the privilege of inspecting and making extracts from the stockbook of the company, which demand was refused.

In his return appellee admitted that the company availed itself of the right granted by section 641 of the Code by filing its certificate, as set forth in the petition, and thereby submitted itself to the regulation of the insurance department of the District of Columbia. Appellee denied that the company was subject to the provisions of subchapter 4 and averred that the corporate existence of the company had been continued by special acts of Congress, to which reference was made. He admitted that a stockbook had been kept and averred that he always had been ready to afford access to the books of the company upon proper showing. The return also admitted that appellant was a stockholder, as alleged, and that upon numerous occasions he had appeared at the office of the company and publicly expressed the intent and purpose "to round up enough stockholders to liquidate the company." Appellee then averred that upon an occasion prior to August 5, 1922, appellant appeared at the office of the corporation—

"and upon his demand the books of the company were turned over to him and he was given full, complete and exclusive opportunity to inspect the same and it then and there became manifest from the conduct and behavior of the petitioner herein, and the statements which he made, that the petitioner did not desire to inspect said books for any proper motive, but that he simply desired to copy the names and address of all the stockholders of the company, which information he desired, this respondent has been informed and believes and upon such information and belief charges, for the ulterior purpose of using the same in connection with and on behalf of some antagonistic interests to the aforesaid company."

To this return appellant demurred, upon the ground, among others: -

"That it is immaterial what the motives of the petitioner are in demanding the privilege of inspecting and making extracts from the stockbooks of said company."

The demurrer was overruled, the petition dismissed, and this appeal taken.

The Firemen's Insurance Company of Washington & Georgetown was originally incorporated under the Act of March 3, 1837 (6 Stat. 694), under the provisions of which the charter was to be in force until June 1, 1858, and under the concluding section of the act power to

alter, amend or repeal it was expressly reserved. By the Act of February 7, 1857 (11 Stat. 492), the charter of the company was amended and extended until the 1st day of June, 1888, with the same reservation of power to amend, alter or repeal, and by the Act of March 3, 1887 (24 Stat. 633), the charter of the company was extended to June 1, 1908. Under the provisions of section 641 of the Code:

"Any company heretofore formed, agreeably to law, * * * for the purpose of carrying on fire insurance, may become perpetual by filing, in the office of the recorder of deeds, a certificate to that effect, in like manner as is provided by law for the filing of the original certificate of incorporation."

On March 12, 1908, this insurance company availed itself of the privilege granted in this section. On February 18, 1911 (36 Stat. 920), the charter of the company was amended as follows:

"Section 4 of the act of Congress approved February 7, 1857, entitled 'An act to extend the charter of the President and Directors of the Firemen's Insurance Company of Washington and Georgetown, in the District of Columbia,' is hereby amended so that authority is given the said insurance company to write fire insurance on real and personal property wherever located and being, and shall no longer be limited solely to the District of Columbia."

An examination of the various acts of Congress relating to this company, and of section 641 of the Code, leads to the conclusion that the powers and duties of the company are to be ascertained and determined by reference to the original and amended acts of incorporation. We are not so much concerned with what Congress might have done as with what Congress actually did. When this company availed itself of the provisions of section 641, it was existing under and by virtue of a special act of incorporation. Congress, by that section, declared that any title or fire insurance company, "formed agreeably to law," might "become perpetual by filing in the office of the recorder of deeds, a certificate to that effect." The filing of the certificate merely extended indefinitely the life of the company, without affecting the scope of its powers and duties. That this is so, and that Congress intended such a result, is made plain by the subsequent act of February 18, 1911, relating to this company, for by that act the charter of the company is recognized and amended.

The phraseology of sections 627 and 628 of the Code, relied upon by appellant, adds cogency to the conclusion just reached, for it there is declared to be "the duty of the trustees of every corporation *formed under this subchapter*" (italics ours) to cause a stockbook to be kept, etc. This insurance company was not formed under the provisions of this subchapter, and hence was not within the provisions of the two sections just mentioned, relating to the keeping and inspection of a stockbook.

In the view of the case taken by us, it is unnecessary to determine whether the provision in section 20 of the original act of incorporation of this company (6 Stat. 698), as amended by the Act of February 7, 1857, § 8 (11 Stat. 494), already referred to, making it the duty of the officers of the corporation to keep records of their transactions, etc., is more than an affirmance of the common-law rule.

In Guthrie v. Harkness, 199 U. S. 148, 26 Sup. Ct. 4, 50 L. Ed. 130, 4 Ann. Cas. 433, there was involved the right of a stockholder

in a national bank to inspect its books for the purpose of ascertaining whether the business affairs of the bank had been conducted according to law, and whether, as suspected and charged, the bank was guilty of irregularities. The court said:

"The decisive weight of American authority recognizes the common-law right of the share holder, for proper purposes and under reasonable regulations as to place and time, to inspect the books of the corporation of which he is a member," and "in many of the states this right has been recognized in statutes which are generally held to be merely in affirmance of the common law."

After discussing the facts of the particular case, the court further said:

"It does not follow that the courts will compel the inspection of the bank's books under all circumstances. In issuing the writ of mandamus the court will exercise a sound discretion and grant the right under proper safeguards to protect the interests of all concerned. The writ should not be granted for speculative purposes or to gratify idle curiosity or to aid a blackmailer, but it may not be denied to the stockholder who seeks the information for legitimate purposes."

See, also, Weihenmayer v. Bitner, 88 Md. 325, 42 Atl. 245, 45 L. R. A. 446.

[2, 3] The averments of the return clearly challenge appellant's good faith, and he has elected to demur to those averments, thereby admitting them to be true. Indeed, he insists in his demurrer that his motives may not be considered. In other words, appellant insists upon his absolute right, whatever his motives, to inspect and make extracts from this stockbook. Having in mind that mandamus is awarded, not as a matter of right, but in the exercise of a sound judicial discretion, to remedy and not to promote a wrong, to compel the performance of an actual duty rather than to direct the performance of an act which will work public or private mischief, and that although classed as a legal remedy its issuance is largely governed and controlled by equitable principles (Duncan Townsite Co. v. Lane, 245 U. S. 308, 38 Sup. Ct. 99, 62 L. Ed. 309), it is apparent that the writ ought not to issue in this case. Upon the record before us, appellant is seeking this inspection for an ulterior purpose, to harass and perhaps destroy the corporation. The courts will not lend their aid in such a situation.

The judgment is affirmed, with costs.

Affirmed.