In the Matter of ALFRED KOHLBERG, INC., Petitioner, against AMERICAN COUNCIL OF THE INSTITUTE OF PACIFIC RELATIONS, INC., Respondent.

Supreme Court, Special Term, New York County, May 8, 1945.

*Meleney, Ryan & Stevenson* for petitioner.
*Shearman & Sterling & Wright* for respondent.

McLAUGHLIN, J. Petitioner seeks an injunction restraining respondent from holding its annual meeting and directing it to disclose to petitioner the names and addresses of its members. The respondent corporation was organized under and by virtue of the laws of the District of Columbia. It maintains an office in the city of New York, in which a list of the members is kept and it is contemplated that the annual meeting will be held here. Petitioner demands a list of members for the purpose of transmitting to them information concerning what, in petitioner's judgment, is evidence of communistic activity on respondent's part and which petitioner urges is contrary to the purposes for which respondent was organized. These statements are strenuously and vehemently denied by the respondent. Petitioner asserts that it intends to disclose to the members the facts on which this charge is based. It will send them certain resolutions which it will offer at the annual meeting calling for an impartial investigation of the charges. By doing so the members will more fully understand the resolutions when presented. They call for an investigation into this phase of respondent's activities by what petitioner describes as an impartial committee. This court is thus asked to exercise its visitorial powers, if any there be, in connection with the internal affairs of a foreign membership corporation. The fact that respondent was organized in the District of Columbia, does not render it a domestic corporation in the sense that a national bank is such a corporation. Such corporations are established under the National Bank Act, an act of Congress applying throughout the nation. This corporation was instituted under a law passed by Congress but limited in its jurisdiction to the District of Columbia. Such laws are local in their nature (*American Surety & Trust Company* v. *Rudolph,* 38 App. D. C. 32, writ of error denied, 224 U. S. 491). It is noted that under the law of the District of Columbia there is no requirement that a corporation is obliged to disclose such information as is here asked to its members (*Morgan* v. *Howard,* 293 F. 650).

In this State it is the rule that this court is without power to exercise any visitorial right with respect to a foreign corporation (*Matter of Rappleye,* 43 App. Div. 84, appeal dismissed, 161 N. Y. 615). The exercise of such powers is limited to domestic corporations (*Matter of Steinway,* 159 N. Y. 250). To exercise this power, it must appear that the court is acting under some statute or common-law right as was pointed out in *Matter of Steinway* (*supra*). There is nothing which indicates that this court has the statutory or common-law power to exercise

any visitorial rights over a foreign membership corporation. It is urged that by holding its meeting and maintaining offices in this State this corporation has submitted itself to the jurisdiction of our courts. The charter and by-laws of the corporation established the place where the offices of the corporation may be maintained and its meetings held (*Matter of George* v. *Holstein-Friesian Assn.*, 238 N. Y. 513). An examination of the exhibits indicates that the respondent is authorized to maintain an office in New York and may hold its meetings anywhere in the United States or in its possessions. The mere permission of the stockholders to hold meetings in New York, as contained in the charter and by-laws, does not confer visitorial power on this court with respect to foreign membership corporations. This court is without power to direct the respondent to make available to petitioner a list of its members. Under these circumstances it is unnecessary to consider that branch of the motion seeking a mandatory direction adjourning the proposed meeting. The motion is in all respects denied.