In the Matter of ALFRED KOHLBERG, INC., Appellant, against AMERICAN COUNCIL OF THE INSTITUTE OF PACIFIC RELATIONS, INC., Respondent.

First Department, March 22, 1946.

*Clarence C. Meleney* of counsel (*Meleney, Ryan & Stevenson*, attorneys), for appellant.

*Lester Kissel* of counsel (*Shearman & Sterling & Wright,* attorneys), for respondent.

Dore, J. Claiming to be a member of the American Council of the Institute of Pacific Relations, Inc., a nonprofit membership corporation organized under the laws of the District of Columbia, petitioner seeks an order in the nature of mandamus directing the council to make available the names and addresses of the other members. The learned Special Term denied the application on the ground that the court was without power to exercise any visitorial right with respect to a foreign corporation, relying on *Matter of Rappleye* (43 App. Div. 84). In that case the Court of Appeals did not pass upon the jurisdictional question as the appeal was dismissed on grounds not involving the merits. (161 N. Y. 615.)

We think that by decisions of this court and the Court of Appeals the dicta regarding jurisdiction in the *Rappleye* opinion (*supra*) must be deemed to have been overruled. In *Matter of Rogers* v. *American Tobacco Co.* (143 Misc. 306) Townley, J., at Special Term, granted to a stockholder a mandamus order against a foreign corporation for the inspection of its books, relying *inter alia* on *People ex rel. Solomon* v. *Brotherhood of Painters* (218 N. Y. 115, 119) and *Travis* v. *Knox Terpezone Co.* (215 N. Y. 259, 264). In his opinion he pointed out that the *Rappleye* case discussed the question of jurisdiction as dictum. Upon appeal to this court, the *Rappleye* case was relied on by the appellant but the peremptory mandamus order against the foreign corporation was unanimously affirmed. (*Matter of Rogers* v. *American Tobacco Co.,* 233 App. Div. 708.) In *Matter of Lehrich* v. *Sixth Ave. Ban-corporation, Inc.* (251 App. Div. 391, 394) this court, citing the *Solomon* and the *Rogers* cases, said: "The jurisdiction of the court to compel an inspection of corporate books and records generally extends to a foreign corporation which accepts a license to do business in this State." Relief was denied solely on the ground that the foreign corporation had been dissolved. In *People ex rel. Solomon* v. *Brotherhood of Painters* (*supra*) the Court of Appeals, per Seabury, J., held: "When a foreign corporation accepts a license to do business in this State or does some act which subjects itself to the jurisdiction of this State, it may be treated as a domestic corporation to the extent of rendering it subject to the writ of mandamus."

Similar rulings were made in the Fourth Department in *Matter of Wilcox* (123 App. Div. 86) and *Matter of Young* v. *Jebbett* (213 App. Div. 774).

This record establishes that the corporation, while organized in the District of Columbia, has its main office in the city of New York, where its corporate records, including the names and addresses of its members, are kept and its meetings held; and here too are its officers having custody of the books and records. It has submitted to the jurisdiction of this court by signing a stipulation agreeing to adjournment of its annual meeting to a date not less than thirty days after final determination on the merits of petitioner's application.

This application does not relate to such internal affairs of the corporation as ought to be regulated only by the courts of the jurisdiction by which it has its existence. (*Travis* v. *Knox Terpezone Co.*, 215 N. Y. 259, *supra.*) Considerations of convenience, efficiency and justice indicate that the rule of *forum non conveniens* should not be applied.

The corporation, however, raises issues of fact concerning petitioner's present membership and good faith in seeking the application. On these conflicting papers a peremptory order should not issue but an alternative order is proper. (Civ. Prac. Act, § 1295.)

The order appealed from should be reversed, and an alternative order granted directing a trial of the issues in accordance with the provisions of section 1295 of the Civil Practice Act, with costs to appellant to abide the event.

MARTIN, P. J., TOWNLEY, GLENNON and COHN, JJ., concur.

Order unanimously reversed, and an alternative order granted directing a trial of the issues in accordance with the provisions of section 1295 of the Civil Practice Act, with costs to the appellant to abide the event. Settle order on notice.