Jacob Markowitz, J.
Petitioner seeks resettlement of the judgment to the extent of eliminating therefrom the provision awarding respondent $25 costs in this article 78 proceeding, which was dismissed. Petitioner asserts that, formerly, under the Civil Practice Act costs were not allowable in article 78 proceedings unless specifically prescribed in the order finally entered and that the allowance of costs herein would be inequitable.
In the discussion of “The Bight to Costs in New York”, appended to the Fourth Preliminary Beport of the Advisory Committee — on Practice and Pleading (N. Y. Legis. Doc., 1960, No. 20, pp. 673-674) it is stated that “Another distinction in the present law [prior to the enactment of the CPLB] that is difficult to justify under modern conditions of practice is that between actions and special proceedings. In some of the former, at least, costs are awarded as of right. In all of the latter, costs are in the discretion of the court. The basic difference between an action and a special proceeding, however, is only the summary nature of the latter, a consideration unrelated to whether a party is entitled to costs or must rely upon the discretion of the court. There is no real difference between an action which is disposed of by a successful motion for summary judgment and a special proceeding which is disposed of upon the return date. Yet, in the former, costs may be awarded as of right and in the latter, an award of costs — in the same amount — is only made in the discretion of the court. * * *
“It seems clear that costs should be awarded in all eases, absent a showing of unusual circumstances.”
The legislative intent with respect to the awarding of costs generally is expressed in the body of the afore-mentioned legislative report at page 300, as follows: ‘ ‘ The proposed rule [CPLB 8201] abolishes most of the present distinctions by providing that costs are to be awarded except where otherwise provided by law or by the court. * * * As to those actions where costs are now discretionary, it codifies the decisional law that costs are to be awarded the prevailing party unless special circumstances warranting denial are shown. [Citing cases]. Since * * * a special proceeding results in a ‘ judgment, ’ the proposed rule is applicable to special proceedings as well as actions.” (Emphasis added.)
*170 Thus under the Civil Practice Law and Rules, special proceedings are to be treated in the same manner as regular actions with respect to form and procedure generally (CPLR 103, 411); and, unlike the former practice under the Civil Practice Act, a special proceeding now terminates in a judgment (CPLR 7806) rather than a final order (Civ. Prac. Act, § 1300).
The legislative pronouncement is that “ the general rules governing judgments will thus be applicable ” to judgments terminating special proceedings (id., p. 242). Under these general rules, costs are to be awarded in the amount herein allowed (CPLR 8201).
Adoption of petitioner’s arguments, herein advanced, would set at naught the Legislature’s effort to cure the above-noted anomalies for no apparent reason. The application accordingly is denied.