Abraham N. Geller, J.
This is a motion to dismiss pursuant to CPLB. 3211 (subd. [a], par. 5) on the ground that the cause of action cannot be maintained because of the Statute of Limitations,
The action is by a resident of the State of Tennessee against a New York corporation. The complaint alleges that on August *544 24, 1964, in the City of Knoxville, Tennessee, defendant’s employee, during the course of a demonstration of defendant’s hair-straightening preparation, applied the product to plaintiff’s hair in such a negligent manner that, as a result of such negligence, plaintiff sustained serious injury to her hair and scalp.
This action based upon a cause of action accruing in Tennessee to a nonresident of this State cannot be commenced after expiration of the time limited by the laws of either this State or of the State of Tennessee (CPLR 202). The Tennessee Statute of Limitations for injuries to the person is one year after the cause of action accrued. It, therefore, governs this action.
The summons and complaint herein were served upon defendant in June, 1966, about two years after accrual of the cause of action. But plaintiff, citing the applicable Tennessee statute as to absence from the State, urges that the Tennessee Statute of Limitations was tolled all during the intervening period because of defendant’s absence from the State of Tennessee.
However, it appears that, effective March 2, 1965, Tennessee adopted a provision practically identical to our CPLR 302 (subd. [a], par. 2), rendering subject to the jurisdiction of its courts any nonresident, including corporations^ as to any claim arising from any tortious act or omission within that State, and further providing for personal service without the State and service on its Secretary of State as to such causes of action.
The Tennessee Code Annotations researched by the court do not contain any notes of decisions construing these recent enactments. The analogous New York provision has been held to be retroactive, i.e., ‘ applicable to proceedings thereafter instituted for the redress of wrongs already done ’ ” (Simonson v. International Bank, 14 N Y 2d 281, 289). Our CPLR 207 provides that the tolling of the Statute of Limitations by reason of defendant’s absence from the State does not apply where there is a designation, voluntary or involuntary, made pursuant to law, of a person to whom a summons may be delivered within the State; and, also, where jurisdiction over defendant can be obtained without personal delivery of the summons to him within the State, as in any case governed by CPLR 302 and 313. Thus, after the effective date of the new enactment, the statute was no longer tolled by reason of defendant’s absence if service could be effectively made upon him outside the State. The effect of this is that the Statute of Limitations, which had been tolled in an action against a nondomiciliary because of inability to obtain personal jurisdiction over him, resumes running again from the effective date of the new enactment in any situation *545 encompassed by CPLR 207, 302 and 313 (see McLaughlin, Supplementary Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 7B, 1965 Supp., CPLR 207).
With regard to the nontolling of the statute where there is provision for service upon the Secretary of State as agent for defendant, Tennessee law does not differ from that of New York (see Arrowood v. McMinn County, 173 Tenn. 562).
Accordingly, the Tennessee Statute of Limitations applicable to this cause of action was no longer tolled after March 2, 1965, when personal jurisdiction of defendant could have been obtained by service of summons upon the Tennessee Secretary of State or upon defendant in New York. This action having been commenced more than one year after that date, it is barred.
The motion to dismiss is accordingly granted.