■ ROSELLA SWERDZEWSKI, as Administratrix of the Estate of FRANK A. SWERDZEWSKI, Deceased, Appellant, v. INCORPORATED VILLAGE OF WESTHAMPTON BEACH, Respondent.— In an action to recover damages for wrongful death, plaintiff appeals from a judgment of the Supreme Court, Suffolk County, entered September 26, 1967, which dismissed her complaint after a nonjury trial. Judgment reversed, on the law and the facts, with costs, the issues of liability are determined in favor of plaintiff against defendant, and new trial granted only on the issue of damages. Plaintiff's intestate, a volunteer member of defendant's Fire Department, was killed after being thrown from the running board of defendant's fire vehicle when it was driven at 35 to 40 miles per hour into a "puddle" which, according to the testimony, was "a couple hundred feet long, at least". At the time of the accident, which occurred in 1958, the

vehicle was being used in a fund raising campaign and the firemen and others thereon were attempting to solicit donations for the benefit of the Fire Department. It was not until 1961 that benefit coverage was statutorily extended so as to include accidents occurring during fund raising activities (General Municipal Law, § 204-a; Volunteer Firemen's Benefit Law, § 5, subd. 1, par. m). The defendant village contends that such activity was not within the duties of firemen prior to 1961 and, therefore, the negligence of the driver cannot be imputed to it (General Municipal Law, §§ 50-a, 50-b). However, we have concluded that the facts overwhelmingly support a finding of negligence on the part of the driver and, under all the circumstances herein, his negligence imposes a vicarious liability upon the municipality. It is clear that the Legislature, in enumerating the activities for which benefit coverage has been afforded, did not intend to define the activities and duties of volunteer firemen (McKinney's Cons. Laws of N. Y., Book 63B, Volunteer Firemen's Benefit Law, Appendix 1, pp. 127–130). In our opinion, fund raising for the benefit of the Fire Department constituted a lawful fireman function prior to 1961. Furthermore, the testimony adduced at the trial discloses that the Chief Engineer of the Fire Department authorized the fund raising campaign and the use of fire vehicles. Moreover, the campaign was publicized in a local newspaper for at least one month and the Village Trustees did not raise any objection to the proposed activity (cf. General Municipal Law, § 204-a, subd. 8, par. [a]). The uncontroverted testimony established that the village did not have a separate Board of Fire Commissioners and, consequently, the Chief Engineer, as president of the Council of the Fire Department, is statutorily endowed with great discretion in the maintenance and operation of the fire equipment (Village Law, §§ 206, 208). Since the Chief Engineer is clothed with the afore-mentioned authority and in light of the apparent apathy exhibited by the Village Trustees, the Village Board, if not expressly, certainly by implication, permitted the use of the fire vehicles in the fund raising campaign. In our opinion, the court below erred in holding that plaintiff's intestate was contributorily negligent or assumed the risk by his mere presence on the running board. The Court of Appeals has held that a volunteer fireman engaged in lawful fireman activities (which we deem to include fund raising) does not assume the risk by riding on the running board (*Ottmann* v. *Village of Rockville Centre,* 275 N. Y. 270). Under the circumstances disclosed herein, we do not perceive how the same conduct can be labelled contributory negligence. Accordingly, we have concluded that the village failed in its burden of proof (Decedent Estate Law, § 131 [now EPTL, § 5-4.2]). Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.