■ In the Matter of ALAN ALTSCHUL, Respondent, v. BUTTERFIELD FARMS, INC., et al., Appellants.— In this proceeding brought to inspect corporate books and records, respondents-appellants have appealed from an order of the Supreme Court, New York County, entered July 16, 1971, which referred the issue of whether or not petitioner is a shareholder in the corporation respondent to a Special Referee, to hear and report, and held disposition of the main application in abeyance pending receipt of the Referee's report, petitioner-respondent contends the order is not appealable. While we conclude that such an order is appealable, we hold further that it is not appealable as a matter of right (CPLR 5701, subd. [b] par. 1), and since no permission to appeal was obtained, the appeal is unanimously dismissed, without costs and without disbursements. While petitioner's moving papers purport to seek relief pursuant to section 624 of the Business Corporation Law, the substance of the application is in the nature of mandamus to enforce the common-law right of inspection of corporate books and records, rather than the limited absolute right of inspection of the minutes of proceedings of shareholders and the record of shareholders. The common-law right is enforced by an article 78 proceeding. (See 3 White, New York Corporations [13th ed.] § 624.03; 20 Carmody-Wait 2d, New York Practice, § 121.159). Treating petitioner's application as an article 78 proceeding — as it must be — it is apparent that the order of Special Term appealed from is an intermediate order in an article 78 proceeding, and hence appealable only by permission (CPLR 5701, subd. [b] par. 1). Since no permission to appeal has been obtained, the appeal must be dismissed. (*Matter of O'Neill* v. *Schechter*, 12 A D 2d 760; *Matter of Vivenzio* v. *City of Utica*, 30 A D 2d 771; *Armour* v. *City of Newburgh*, 26 A D 2d 626; *Matter of Stewart* v. *New York State Liq. Auth.*, 33 A D 2d 637). We allow no costs because no motion to dismiss the appeal was earlier made, and only for the first time, in respondent's brief was the challenge to appealability made. Concur — Stevens, P. J., Nunez, Kupferman, Murphy and Eager, JJ.

■ SHARON HECHT, Appellant, v. M. BERNARD HECHT, Respondent.— Order and judgment (one paper), Supreme Court, New York County, entered on August 5, 1971, which released defendant from the Civil Jail, modified a prior judgment of divorce dated June 17, 1968, to reduce payment for the support of plaintiff and infant children and increased defendant's rights of visitation with the children, unanimously modified, on the law and the facts, to the extent of fixing the amount of support for plaintiff and the children to $125 per week commencing from the date of the order entered herein, and otherwise affirmed, without costs and without disbursements. In our opinion, in light of the facts disclosed in the record, while the court at Special Term appropriately reduced the amount of payment for support directed by the prior judgment, the reduction should not have been to less than $125 per week. In other respects, we find the order and judgment appealed from to be a correct disposition. Concur — Stevens, P. J., Nunez, Kupferman, Murphy and Eager, JJ.