Arnold L. Fein, J.
Motion by petitioners for reargument of the decision of this court dated August 14, 1974 is granted and upon .such reargument the court adheres to the original decision.
Petitioners commenced a special proceeding for a stay of arbitration sought under a written contract dated March 2,1968, amended by agreement dated March 3,1970. Respondents moved for an order dismissing the petition, directing petitioner Miller to name an arbitrator and directing the parties to proceed to arbitration. The court denied petitioners’ application for a stay, granted respondents’ motion and directed the parties to “ settle judgment. ’ ’
Petitioners now seek reargument only of so much of the decision as dismissed the petition and directed settlement of judgment. They contend that the petition should not be dismissed, but that the court should merely deny the application and direct settlement of an order rather than of a judgment. Respondents take no position as to whether a .judgment or order is appropriate.
Petitioners suggest that further applications to court may be necessary and that there is no need for each such application to be by special proceeding rather than by application in the pending special proceeding. However, conjecture and petitioners’ speculation as to future applications do not justify a court directive that the proceeding remain in limbo pending such possible further applications. The parties may comply with the court’s direction to appoint an arbitrator and to proceed to arbitration so that there will be no need for a further court application for such relief. If they fail to do so, appropriate relief may be obtained by application to enforce the judgment in the same manner as any other directory judgment. If such relief is by way of court appointment of an arbitrator, the judgment provides for an application to the court to do so in this special proceeding. In this sense the judgment is interlocutory.
CPLR 411 is clear and specific: ‘ The court shall direct that a judgment be entered determining the rights of the parties to the special proceeding.”
As noted in the Sixth Report of the Advisory Committee on Practice and Procedure (N. Y. Legis. Doc., 1962, No. 8, p. 134): ‘1 The word 1 final ’ has been deleted before ‘ judgment ’ so that *186 the provision now authorizes interlocutory as well as final judgments.” (Emphasis added.)
On this basis the court does not concur in the view of one commentator that determination of an application to compel arbitration should he by way of an intermediate order (see 8 Bender’s Forms for Civil Practice [Frumer-Warren-0’Connell], p. 75-78, n. 1). As has been stated by another commentator: 1 ‘ the CPLR does not preclude the commencement of a subsequent special proceeding in connection with the arbitration.” (22 Carmody-Wait 2d, New York Practice, § 141:47, p. 780.)
CPLR '7502 (subd. [a]), providing, “ All subsequent applications shall be made by motion in the pending action or the special proceeding.” is not to the contrary.
The issues before the court in this .special proceeding are the arbitrability of the disputes and the duties of the parties to appoint arbitrators and to proceed to arbitration. These issues have been fully resolved.
Since the decision, dated August 14, 1974 was a determination of the issues among the parties to the special proceeding, it must end in a judgment.
Future application which may or may not become necessary with respect to the conduct of the arbitration, confirmation, vacation or ¡modification of the award will necessarily deal with subsequent events, based upon a different petition and answer, and raising issues entirely distinct from those before the court in this proceeding.
Accordingly, the court declines to sign the consent order and has signed the judgment submitted by respondents.