■ ANTHONY RESCIGNO et al., Appellants, v MONTEFIORE HOSPITAL AND MEDICAL CENTER et al., Defendants, and STANLEY H. ENKER, Respondent.— In a medical malpractice action, plaintiffs appeal from an order of the Supreme Court, Queens County, dated May 17, 1977, which granted the motion of defendant Enker for summary judgment on the ground that the action as against him is barred by the Statute of Limitations. Plaintiff-appellant Anthony Rescigno died after the taking of this appeal. On August 30, 1978 letters testamentary were granted to Marie Rescigno, also known as Maria Rescigno. By order of the Supreme Court, Queens County, dated September 14, 1978, the caption of the action was amended to reflect the appointment of an executrix. Order affirmed, without costs or disbursements. This action arises from the treatment of Anthony Rescigno by Dr. Enker in February and March, 1970. Dr. Enker was personally served in New Jersey on May 31, 1973. He had concededly been absent from this State for more than four months during the intervening period. The plaintiffs contend that, pursuant to CPLR 207, the Statute of Limitations was tolled while Dr. Enker was outside of the State. We agree with Special Term that the action against Dr. Enker is time-barred. Under the long-arm statute, CPLR 302, a basis of jurisdiction over Dr. Enker existed during the entire period in question. Service could have been effected, pursuant to CPLR 313, by any of the methods set forth in CPLR 308. Since statutory authorization existed for obtaining personal jurisdiction by some manner other than personal delivery of the summons within the State, the Statute of Limitations was not tolled by the Dr. Enker's absence from the State (see CPLR 207, subd 3; *Yarusso v Arbotowicz,* 41 NY2d 516). Hopkins, J. P., Martuscello, Rabin and Margett, JJ., concur.