OPINION OF THE COURT
Arthur W. Lonschein, J.
The petitioner moves for an order to reargue a motion to vacate an arbitration award, which prior motion was heretofore denied by the court. The petitioner had purported to bring a special proceeding in order to vacate an arbitration award pursuant to CPLR 7511 which governs the vacation of such awards, by serving the attorney who appeared for the respondent at the arbitration proceeding. The motion to vacate the award was served on this attorney by ordinary mail. This court held that the petitioner’s application (erroneously described by the court in its decision as an "application for confirmation”) being a special proceeding, it was incumbent upon petitioner to effect service in the same manner as a summons in an action and dismissed the petition. (CPLR 403, subd [c]; Matter of Greenwaldt v Judges of Albany County Ct., *1031 60 AD2d 924; Matter of Saddler Textiles [Winston Uniform Corp.], 39 AD2d 845.) The court held that proper service was not effectuated on the respondent and that no jurisdiction over her had been obtained and dismissed the petition.
On this motion, the court grants reargument and adheres to its original determination. There are matters, however, raised in this motion for reargument and in the underlying motion which require clarification and resolution. The petitioner urges on the motion for reargument, certain "new facts” that require reconsideration of the court’s original determination, to wit: the absence of the respondent from the jurisdiction which would permit the court to dismiss "without prejudice to service of the petition in a manner directed by the court”. Answering this request, respondent’s attorney contends that petitioner is seeking that the 90-day Statute of Limitations to bring a proceeding to vacate an arbitrator’s award (CPLR 7511, subd [a]), be extended and argues further "that CPLR 207 [which deals with persons outside of the State who cannot be served] does not apply where there is in force a designation voluntary or involuntary made pursuant to law of a person to whom process may be delivered within the state of the same effect as if served personally within the state.”
CPLR 207 tolls a Statute of Limitation if the person against whom an action accrues is outside the State during part or all of the time limited to bring the action. Such a tolling does not apply if that person has an agent in this State to receive service for him (Burris v Alexander Mfg. Co., 51 Misc 2d 543), or if jurisdiction can be obtained without personal service in this State. (Rescigno v Montefiore Hosp. & Med. Center, 65 AD2d 602; Nucci v Judson, 74 Misc 2d 670.)
Reviewing the facts of this case as are pertinent to the arguments raised — the alleged claim of the respondent arose pursuant to the no-fault law while she was a passenger on a bus owned by petitioner on January 6, 1977. The respondent is an infant having been born on June 2, 1964 and is now 15 V2 years old. The arbitration award is dated May 1, 1979 and was served by respondent’s attorney in the arbitration proceeding on petitioner’s attorney in that proceeding on June 27, 1979— after the 15th birthday of the respondent. In connection with the arbitration proceeding is an affidavit of the respondent dated February 22, 1979 in which she says: "I am the claimant in the Arbitration. I now reside at 3 North Avenue, Greenwich Town, Kingston 13, Jamaica, West Indies.” There *1032 is nothing to indicate that the respondent has returned to this jurisdiction.
In adhering to my original determination, I held and still hold that it is incumbent upon this petitioner to serve the papers to commence the proceeding "in the same manner as a summons in an action” (CPLR 403, subd [c]). While the petitioner argues that the respondent’s attorney can be served in a special proceeding arising out of an arbitration (Matter of Knickerbocker Ins. Co. [Gilbert], 28 NY2d 57), such service can only be made under the circumstances where a statute permits, to wit: in a proceeding to stay an arbitration after a demand for arbitration has been served which contains an attorney’s name. In such a case, the petitioner in an application to stay arbitration may serve the attorney, but only personally or by certified or registered mail, return receipt requested. (CPLR 7503, subd [c]; Matter of Yak Taxi v Teke, 41 NY2d 1020.)
In this proceeding to vacate an arbitration award, there is no authority in the statute permitting service upon the attorney. As such, there is no person who may be served within the State as agent for the respondent as permitted by CPLR 207 (sübd 1). It is thus immaterial that service was made by ordinary mail rather than certified or registered mail. In either circumstance, the fact that respondent was represented by an attorney who appeared for her at the arbitration does not place "in force a designation * * * of a person to whom a summons may be delivered within the state” (CPLR 207,. subd 1).
Since the respondent is concededly out of the State, there is no way that she can be served in the State and thus the provisions of CPLR 207 apply which toll the 90-day Statute of Limitations. Pertinent to this point is the fact that the respondent is an infant. CPLR 309 (subd [a]) prescribes that personal service upon an infant shall be made by serving the summons within the State upon her parent or other person having legal custody, and if the infant is over the age of 14 years (as is the case here), the infant must be personally served within the State.
This does not mean that this court is without jurisdiction to intervene in this arbitration or that the respondent is without remedy to enforce the award. Indeed, the statute (CPLR 7502, subd [a]) permits a nonresident to commence a proceeding "in a court in the county in which one of the *1033 parties resides or is doing business” to confirm the award pursuant to CPLR 7510 and to enter the same as a judgment pursuant to CPLR 7514. If such a proceeding is commenced, the court in such case, will have full jurisdiction to review the arbitration and the respective claims of the parties including the claim of the petitioner that the arbitration should be vacated. Personal service of the application to vacate would be unnecessary in such a case; after the institution of an application to confirm the award, "[a]ll subsequent applications shall be made by motion in the * * * proceeding” (CPLR 7502, subd [a]). In such case, service of a cross motion in the pending proceeding may be made by ordinary mail upon the adversary attorney. (County of Sullivan v Edward L. Nezelek, Inc., 54 AD2d 670, affd 42 NY2d 123.)