■ In the Matter of ROBERT A. DE PAULA, Respondent, v MEMORY GARDENS, INC., Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Pennock, J.), entered March 1, 1982 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to inspect and copy certain minutes, reports, and membership list of respondent. On November 3, 1980, petitioner purchased a burial plot from respondent's not-for-profit cemetery corporation, and some months later sent a memorandum to three of respondent's six directors demanding that they commence an action against the remaining directors for $100,000 for waste and conversion of corporate assets. The request was refused on the basis of petitioner's failure to provide details of his charges. Petitioner then brought the instant proceeding, pursuant to section 621 of the Not-For-Profit Corporation Law, seeking to examine numerous records of respondent. In his affidavit, petitioner alleged that he had complied with all of the requirements listed in section 621 of the Not-For-Profit Corporation Law, and that in addition to this statutory right of inspection, he also had a common-law right to inspect and copy the requested materials. Respondent opposed the application, charging petitioner with harassment, bad faith and an improper purpose. Special Term, however, granted petitioner's request, and this appeal followed. Preliminarily, there is no merit to petitioner's contention that respondent's appeal is jurisdictionally defective because the order was not appealable as of right and no permission was obtained to perfect it. An article 78 proceeding terminates in a judgment, rather than in a final order (CPLR 411, 7806; Matter of Miller [Ives], 79 Misc 2d 184; Matter of 1825 Realty Co. v Gabel, 44 Misc 2d 168; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C411:1, p 535; CPLR C7806:1, p 633). Clearly, Special Term's denomination of the result of this proceeding as a "final order" rather than a "judgment" was merely an inconsequential and nonprejudicial error which should be disregarded (CPLR 2001; Matter of Frear & Co. v Ellett, 25 AD2d 901, mot for lv to app den 19 NY2d 578), and the judgment was appealable as of right (CPLR 5701, subd [a]). Matter of Altschul v Butterfield Farms (40 AD2d 654), cited by petitioner, is obviously distinguishable since it involved an intermediate order in an article 78 proceeding, which is appealable only by permission (CPLR 5701, subd [b], par 1). Finally, we note that petitioner's contention was previously rejected by this court when it denied a cross motion by petitioner to dismiss the appeal. Turning to the merits of this appeal, the right to inspect corporate

books, both under statutory law (Not-For-Profit Corporation Law, § 621; Business Corporation Law, § 624) and the common law, requires good faith and a proper purpose on the part of the petitioner (see, e.g., *Matter of Ochs v Washington Hgts. Fed. Sav. & Loan Assn.*, 17 NY2d 82, 88; *Matter of Santuccio v Rochester Civic Music Assn.*, 70 Misc 2d 587, 588-589). Where a corporation raises a substantial question of fact concerning a petitioner's good faith and motives in seeking examination of the corporation's books and records, a hearing must be held to determine the petitioner's good faith (*Matter of Ochs v Washington Hgts. Fed. Sav. & Loan. Assn., supra; Matter of Breswick & Co. v Greater N. Y. Inds.*, 308 NY 1041; *Matter of Kohlberg, Inc. v American Council of Inst. of Pacific Relations*, 270 App Div 520). At the hearing, the corporation bears the burden of showing improper purpose or bad faith on the part of the petitioner (*Matter of Crane Co. v Anaconda Co.*, 39 NY2d 14, 20). In an affidavit in opposition to petitioner's application, the president of respondent corporation averred that petitioner is an attorney employed by a law firm that represents Emma D'Amico, a former employee of respondent, in various actions against respondent; that D'Amico's actions against respondent have been based on charges of waste and conversion of corporate assets by respondent's directors; and that these charges have been investigated by the Attorney-General's office, the Cemetery Board, and the Albany County Grand Jury, and in each instance no impropriety or wrongdoing was found. Litigation is still pending between D'Amico and directors of the corporation regarding her charges. Respondent further alleged that although petitioner is employed by the law firm that represents D'Amico, petitioner's application to purchase a burial plot from respondent's corporation stated that his employer was "Schenectady Improvement Corp." and his occupation "blacktop"; and that petitioner's allegations of waste and conversion against respondent directors are essentially the same allegations D'Amico has been making against respondent and with which petitioner must have been acquainted since his firm has represented and continues to represent D'Amico. Therefore, respondent alleged that petitioner's demand to examine the corporate records was made in bad faith and for an improper purpose in aid of D'Amico's continuing harassment of respondent. Upon this record, issues of fact have been raised as to petitioner's good faith and purpose in seeking the inspection. In addition to the foregoing, it is noteworthy that petitioner purchased his burial plot (and thereby acquired his right to inspect the corporate records) subsequent to his law firm's representation of D'Amico and her similar allegations of waste and mismanagement. Accordingly, there has been a prima facie showing of bad faith which requires a hearing (*Matter of Ochs v Washington Hgts. Fed. Sav. & Loan Assn.*, 17 NY2d 82, *supra; Matter of Wolberg v Wolberg Elec. Supply Co.*, 72 AD2d 903; *Matter of Kohlberg, Inc. v American Council of Inst. of Pacific Relations*, 270 App Div 520, *supra*). The judgment, therefore, must be reversed and the matter remitted to Special Term. Judgment reversed, on the law and the facts, without costs, and matter remitted to Special Term for a hearing to determine the good faith of petitioner in seeking inspection of the requested records of Memory Gardens, Inc. Mahoney, P. J., Sweeney, Main, Weiss and Levine, JJ., concur.