■ STEPHEN B. PAYN, Appellant, v STEPHEN C. LYRAS et al., Respondents. — Judgment, Supreme Court, New York County (Martin Evans, J.), entered March 25, 1981, denying plaintiff-appellant's motion for summary judgment and granting defendant-respondent's cross motion seeking possession of the apartment, unanimously reversed, on the law, defendant-respondent's cross motion denied, and plaintiff's motion for summary judgment granted, with costs. Plaintiff, a psychiatrist, is in possession of the subject rent-stabilized apartment under a now-expired lease which provided that the apartment was to be occupied by plaintiff for "living purposes, and also for professional use". The plaintiff occupied the apartment continuously for both residential and professional use. However, it served as his secondary, not principal residence. The offering plan, as approved by the Attorney-General, was restricted to tenants occupying the apartments as their primary residence. The defendants, who are the sponsor-sellers, the new co-operative corporate owner and the selling agent, refused to provide the subscription agreement to plaintiff, claiming he was not eligible to purchase the stock. Defendant Conforti subsequently purchased the stock allocated to the apartment. In *Wissner v 15 West 72nd St. Assoc.* (87 AD2d 120), the facts were substantially similar, and that case is dispositive of the issues here. The lease in *Wissner*, however, provided for occupancy by plaintiff and his immediate family as a private dwelling and for no other purpose. Nevertheless, he occupied it for the practice of his

profession as a psychologist. This court held that the tenant was the lessee of record on the critical date of the presentation of the offering plan for co-operative conversion and therefore was, as a matter of law, entitled to subscribe to the offering plan and purchase the stock allocated to his apartment at an insider's price. The issue of whether the tenant of record used the apartment as a primary residence was viewed as irrelevant. "The key issue presented in the instant matter is whether, on the date of presentation of the offering plan, plaintiff was an 'RSL tenant' * * * The statute (RSL) is accommodation-oriented, not person-oriented * * * Accordingly, on the critical date of the presentation of the offering plan for co-operative conversion, the plaintiff was the lessee of record of an apartment subject to rent stabilization whose status, as such, had not theretofore been challenged by the landlord nor changed by eviction action or proceeding, or by a determination, administrative or judicial, that the premises were not his primary residence * * * The factual issues upon which Special Term based its denial of summary judgment relief are immaterial and do not constitute an obstacle to such relief." (*Supra,* at pp 124-125.) Defendants attempt to distinguish the instant case from *Wissner* in that the plan itself attempted to restrict purchase rights to those utilizing their apartments as their primary residence and that the Attorney-General had approved it. However, under the rationale of the *Wissner* case, whether the offering plan defines the eligible tenants as those occupying their apartments as their primary residence is irrelevant. The restriction in the offering plan in the instant case contravenes section 61 of the Code of the Rent Stabilization Association of New York City, Inc. and *Wissner.* The Attorney-General's approval does not alter the law. Finally, defendants' claim of laches is not supported by the record and has no merit, and there are no factual issues herein which would prevent the granting of summary judgment. Concur — Sullivan, J. P., Ross, Carro, Asch and Milonas, JJ.