■ In the Matter of ROBERT A. DE PAULA, Respondent, v MEMORY GARDENS, INC., Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Connor, J.), entered March 22, 1983 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to inspect and copy certain documents, including minutes, reports and a membership list of respondent. Petitioner is the owner of a burial plot located in a cemetery operated by respondent. He instituted this proceeding to compel respondent to allow inspection of specified corporate documents. In our earlier opinion (*Matter of De Paula v Memory Gardens,* 90 AD2d 886), where the facts and circumstances of the case are more fully set forth, we reversed Special Term's granting of the petition and remitted the matter for a hearing on the issue of whether the request to inspect had been made in good faith. That hearing has been conducted and Special Term has ruled that petitioner acted in good faith and has granted the petition in its entirety. We affirm. The prima facie case of bad faith which we found earlier (*id.,* at p 887), stemmed primarily from petitioner's association with a Nicholas Morsillo, the attorney who had represented one Emma D'Amico in several recent actions against respondent. Many of the allegations made in the D'Amico cases were similar to those asserted by petitioner. In remitting for a hearing, we emphasized that respondent bore the burden of establishing bad faith on petitioner's part (*id.*). An examination of the record amply supports Special Term's finding that respondent failed to meet this burden. Petitioner at all times maintained that he had no knowledge of the D'Amico cases prior to making the application for inspection in October, 1981 and did not become acquainted with D'Amico until several months later. His displeasure with the management of the cemetery originated when he learned from Morsillo that respondent was being investigated by the New York State Cemetery Board. He then utilized the Freedom of Information Law to obtain documents which had been generated by that investigation. These included financial reports and audit opinions critical of respondent's operation. Petitioner also testified that he was aware of an order of the Division of Cemeteries issued August 26, 1981 which compelled a complete audit of respondent's books and enjoined respondent from undertaking activities unrelated to the operation of the cemetery. It was shortly after this order that petitioner and several other lot holders formed a committee to effect the removal of respondent's directors. Given this evidence, Special Term properly concluded that the inspection request had been made in good faith as part of the effort to replace the cemetery's directors. Respondent's proof to the contrary consisted primarily of innuendo arising out of petitioner's association with Morsillo, and the fact that petitioner learned of the Cemetery Board's investigation of respondent from Morsillo. While such evidence did indeed establish a prima facie case, more was needed to sustain the burden of proving

bad faith. In sum, there is no discernible reason for disturbing the trial court's finding (see *Amend v Hurley,* 293 NY 587, 594; *Howdy Jones Constr. Co. v Parklaw Realty,* 76 AD2d 1018). Judgment affirmed, with costs. Sweeney, J. P., Casey, Yesawich, Jr., and Weiss, JJ., concur.

Kane, J., dissents and votes to affirm in the following memorandum. Kane, J. (dissenting). In my view, the evidence produced at the hearing directed by this court on the question of petitioner's good faith in seeking to inspect and copy certain minutes, reports, and the membership list of respondent, demonstrates that the within proceeding is a mere continuation of D'Amico's prior allegations of wrongdoing, which after thorough investigation by appropriate authorities were determined to be unfounded (*Matter of De Paula v Memory Gardens,* 90 AD2d 886). Accordingly, the information sought is not for a "proper purpose" and the petition should be dismissed (*Matter of Tate v Sonotone Corp.,* 272 App Div 103).