(May 7, 1985)

■ JAMES CONFORTI, JR., Appellant, v VIVIAN A. CAMMARATA, Respondent. — Judgment of the Supreme Court, New York County (Bowman, J.), entered on April 5, 1984, which dismissed the complaint and directed the sale of stock in an apartment cooperative and an assignment of the proprietary lease of said apartment, is modified, on the law and the facts, so as to require defendant-respondent (Cammarata) to pay the balance of rent due pursuant to a stipulation entered into by the parties and to apply the amounts paid towards maintenance costs for the apartment and is otherwise affirmed, without costs.

Respondent Cammarata has resided at 137 East 36th Street since 1967. From November 1978 to present, she has been living as a month-to-month tenant. The building became a co-op in February 1980 under an offering plan distributed in November 1979. Respondent claims she received no notice of the offering plan, as she had been out of the country during much of its pendency. She received her mail from Conforti's employees and there was no evidence that she had personally received the documents. Cammarata sent at least two letters, copies of which were produced at trial, inquiring as to the conversion plan, which went unanswered.

Upon conversion in 1980, Conforti, a partner in the partnership which owned the building, became the owner of the shares applicable to respondent's apartment. As this was an eviction plan and respondent had no lease, Conforti brought an eviction action in Civil Court, New York County. The parties discontinued the action by stipulation, instead bringing it in Supreme Court, with Cammarata to pay as rent the amount permitted by the Conciliation and Appeals Board for a rent-stabilized apartment. Conforti claimed this amount to be $851.76, although Cammarata tendered only $728 per month.

Conforti claims that the conversion plans were mailed to Cammarata and to Alpi, purportedly Cammarata's attorney. However, Cammarata's mail was delivered to a concierge in her building, where it was collected and held while Cammarata was away. Thus, petitioner's people were responsible for Cammarata's mail. In addition, Alpi was not petitioner's attorney, having only represented her in regards to an adoption and to send a letter to Conforti after Conforti refused to sell Cammarata the apartment.

"In reviewing a factual determination based largely upon an assessment of credibility, the determination of the trier of facts is ordinarily accorded great weight". (*People v Lopez,* 95 AD2d 241, 252; *see also, Amend v Hurley,* 293 NY 587, 594.) Here, there was sufficient evidence to find that Cammarata had no notice of the conversion. "In sum, there is no discernible reason for disturbing the trial court's findings". (*Matter of De Paula v Memory Gardens,* 96 AD2d 641, 642.)

Conforti and Cammarata stipulated that the rent would be that for a rent-stabilized apartment during the pendency of the proceedings. Cammarata does not dispute that $851.76 was actually owed per month. Inasmuch as Cammarata only paid $728 per month, there is an amount due Conforti from February 1, 1981 to the date of the judgment. However, as Cammarata has been adjudged the owner of the cooperative apartment, the rent,

both paid and owing, should be applied towards the maintenance fees required. Concur — Murphy, P. J., Kupferman, Asch and Bloom, JJ.