OPINION OF THE COURT
Robert E. White, J.
Defendant Benjamin Baron seeks a preliminary injunction restraining plaintiffs Lizby Associates and Steppingstone Management during the pendency of this action from taking any action or steps to sell or to offer for sale cooperative shares of defendant’s apartment, No. 7-K, located at 301 East 62nd Street, New York, New York. Defendant also moves for summary judgment dismissing plaintiffs’ complaint.
Plaintiffs seek a declaratory judgment that defendant does not occupy apartment 7-K as his primary residence and, as such, is not entitled to purchase, at the insider price, shares in apartment 7-K.
An offering plan to convert said premises to a cooperative ownership was submitted to the tenants of record on or about *835 June 10, 1983. A third and final amendment plan was sent to all tenants on or about May 22, 1984, giving defendant until on or about July 29, 1984, in which to subscribe. (See, 13 NYCRR 18.1 [d] [2].) Defendant did not offer to subscribe until August 21, 1984, which was refused. Thereafter, on October 16, 1984, defendant tendered a subscription agreement and down payment which was also refused.
Defendant contends he did not receive the amendment at his residence in California until late June 1984, primarily because the amendment was addressed to one David Baron at apartment 7-K, and not the defendant. Plaintiffs affidavit of service shows that service was indeed made on one David Baron. Neither party has clarified the identity of that individual.
In order to properly serve any documents relating to a cooperative conversion, service must either be personally or by regular registered or certified mail, addressed to the offeree at his last known residence, or, if the offeree has provided information of an alternative address, addressed to the offeree at the alternative address. (13 NYCRR 18.1 [d] [1] [iv] [b], promulgated pursuant to General Business Law § 352-e.)
The issue presented is whether the defendant was properly served with the amendment, sufficient to trigger the 60-day time period in which defendant had to subscribe.
In construing administrative rules, the same canons of construction applicable to statutes are to be used. (Matter of Cortland-Clinton, Inc. v New York State Dept. of Health, 59 AD2d 228.) General Business Law article 23-A (of which § 352-e is a part) is a remedial statute and should be liberally construed in order that its beneficial purpose be obtained; its purpose is to prevent all kinds of fraud in connection with the sale of securities and commodities, and to defeat all related schemes whereby the public is exploited. Significantly, as to cooperative apartment conversions, the most rigid standards of fair dealing and good faith toward tenants are imposed upon the promoters of the conversion. (People v Lexington Sixty-First Assoc., 38 NY2d 588.)
Applying the above standards, the regulations should be strictly construed to require that the notice be sent to the tenant of record. To be consistent with the objectives of article 23-A, a promoter of a conversion plan should not be allowed to send notices to the wrong person albeit at the correct address. The risk of a tenant not receiving it, or receiving it late, is too *836 great, for as here the wrong name in all probability contributed to the delay in forwarding the defendant’s mail to California. Since plaintiffs failed to comply with the pertinent regulations, service was never complete as to defendant, and the 60-day time period in which he had to subscribe was never triggered.
Service being defective, it appears that there is a likelihood of success at trial. Moreover, irreparable injury will be suffered by defendant if plaintiffs are allowed to sell the property to a third party. Further, a balancing of the equities favors the granting of an injunction. Upon receiving actual notice in late June 1984, defendant attempted to subscribe within a reasonable time thereafter, not only once, but on two occasions, and was denied the right to subscribe.
Plaintiffs’ other argument that defendant is not entitled to subscribe on the grounds that the apartment is not his primary residence is without merit. (Payn v Lyras, 91 AD2d 557, appeal withdrawn 59 NY2d 970; Wissner v 15 W. 72nd St. Assoc., 87 AD2d 120, affd 58 NY2d 645.)
Finally, defendant’s motion for summary judgment must be denied. There still exists a justiciable controversy as to the issue of primary versus nonprimary residence. That determination may certainly affect the right of the parties as to that apartment in the event there is a finding at trial that the defendant is precluded from purchasing at the insider price. (See, Central Park S. Assoc. v Hackel, 104 AD2d 344.)