■ INA/AETNA, Respondent, v AMERICAN MUTUAL INSURANCE COMPANIES, Appellant.—Appeals from (1) an order of the Supreme Court, Westchester County (Palella, J.), dated September 11, 1984, which denied the motion of the American Mutual Insurance Companies to vacate an arbitrator's award, and (2) an order of the same court, dated November 23, 1984, which denied its motion for leave to renew the prior motion to vacate the award.

Orders affirmed, with one bill of costs.

Although Special Term was justified in finding that there was insufficient proof that American Mutual Insurance Companies (American Mutual) complied with the 90-day Statute of Limitations contained in CPLR 7511 (a), an even more compelling reason existed to deny American Mutual's motion to vacate the arbitration award. Because its application was the first one arising out of the arbitrable controversy between the parties, American Mutual was required to commence a special proceeding as prescribed by CPLR 7502 (a) *(see, Matter of State-Wide Ins. Co. [Lopez],* 30 AD2d 694). American Mutual's argument that an ordinary motion was appropriate on the ground that there was "a pending action" between the individuals involved in the automobile accident lacks merit because neither insurance company was a party to the underlying lawsuit.

Furthermore, in order to institute a special proceeding, the opposing party must be served with the notice of petition in the same manner as a summons in an action, i.e., by personal service upon the party itself and not, as was done here, by ordinary mail upon INA/Aetna's attorney (CPLR 403 [c]; *Matter of Green Bus Lines [Elliot],* 102 Misc 2d 1029).

We do not find that Special Term abused its discretion by denying American Mutual's motion for leave to renew the prior motion to vacate since no excuse was offered as to why the date of delivery of the arbitration award to American Mutual was not available to it at the time the original motion was made *(see, McRory v Craft Architectural Metals Corp.,* 112 AD2d 358; *Foley v Roche,* 68 AD2d 558). Moreover, the submission of such evidence did not cure the jurisdictional defect in the commencement of the proceeding. Lazer, J. P., Bracken, Weinstein and Kunzeman, JJ., concur.