OPINION OF THE COURT
David Goldstein, J.
This is a motion by Motor Vehicle Accident Indemnification Corporation (MVAIC), inter alia, to confirm an arbitration award, pursuant to CPLR 7510, which award rejected a disclaimer of coverage by Prudential Property & Casualty Insurance Company (Prudential), defendant Ellison’s insurer. MVAIC seeks a further order directing Prudential to provide *348 its insured with a defense in this action, relieving MVAIC and its counsel and reimbursing them for no-fault payments previously made and legal expenses thus far incurred.
This is a negligence action brought to recover for personal injuries sustained in an automobile accident which occurred on April 16, 1986. After Prudential disclaimed coverage, arbitration proceedings were instituted as to the validity of the disclaimer, which resulted in a decision on September 27, 1987. A prior motion to confirm was made in the Supreme Court and, on August 29, 1988, was denied, with leave to renew this court, the action having been transferred to the Civil Court pursuant to CPLR 325 (d).
Notwithstanding the prior Supreme Court order, which granted leave to renew in this court, and the absence of any opposition here, I conclude that, on this record, the Civil Court lacks requisite jurisdiction to direct the requested relief in the underlying negligence action.
Appropriate relief, confirming an arbitration award, may only be obtained in a special proceeding instituted for that purpose, in which all necessary parties have been joined, after acquiring necessary personal jurisdiction by proper service of a notice of petition and petition in the same manner as service of a summons (see, Matter of INA/Aetna v American Mut. Ins. Cos., 115 AD2d 640; CPLR 403 [c]; 7502 [a]; cf. Matter of Leblon Consultants [Jackson China], 92 AD2d 499, appeal discontinued 60 NY2d 612). Here, neither MVAIC nor Prudential is a named party in this action and, plainly, the service by mail of a notice of motion and supporting affirmation is insufficient to secure requisite personal jurisdiction. As the Appellate Division observed in Matter of INA/Aetna v American Mut. Ins. Cos. (supra, at 640): "[I]n order to institute a special proceeding, the opposing party must be served with the notice of petition in the same manner as a summons in an action, i.e., by personal service upon the party itself and not, as was done here, by ordinary mail upon INA/Aetna’s attorney (CPLR 403 [c]; Matter of Green Bus Lines [Elliot], 102 Misc 2d 1029).”
A special proceeding, either in this court or in the Supreme Court, must be supported by a petition by one with requisite knowledge of the facts and served in the same manner as service of a summons (Matter of Country Wide Ins. Co. [Polednak], 114 AD2d 754; Matter of Greenwaldt v Judges of Albany County Ct., 60 AD2d 924; Matter of State-Wide Ins. Co. [Lopez], *349 30 AD2d 694; Matter of Green Bus Lines [Elliot], 102 Misc 2d 1029, supra; CPLR 403 [c]; 7502 [a]). Such a proceeding, brought under a separate index number, raises issues distinct from those in the negligence action and, upon determination, will result in the entry of a judgment which disposes of that proceeding (Matter of Leblon Consultants [Jackson China], supra; Matter of Miller [Ives], 79 Misc 2d 184; Matter of 1825 Realty Co. v Gabel, 44 Misc 2d 168; Matter of Avalon E. v Monaghan, 43 Misc 2d 401).
Furthermore, to the extent the motion seeks to relieve the attorneys for MVAIC from further representation, such an application requires appropriate service upon the client, which has not been done here. Nor has there been service upon the named defendant, whose rights could be affected by any determination which may be rendered. Moreover, insofar as recovery is sought for legal expenses, this requires a hearing, on notice, as to the reasonable value of counsel fees as a result of the breach by the carrier of its duty to defend.
Accordingly, the motion for multiple relief, inter alia, confirming the arbitration award, directing Prudential to defend Ellison in this action and relieving MVAIC and its attorneys, is denied, without prejudice to a properly instituted special proceeding, on notice to and with proper service upon all necessary parties.
Serve a copy of this order with notice of entry without undue delay.