■ JULES FIELDS et al., Appellants, v IVANCREST ASSOCIATES, Respondent. [596 NYS2d 600] —Mercure, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Zeck, J.H.O.), entered June 12, 1991 in Rockland County, upon a decision of the court in favor of defendant.

Plaintiffs are the residents of apartment 4M in an apartment building owned by defendant at 103 Gedney Street in the Village of Nyack, Rockland County. In 1980, defendant sponsored a plan to convert the building to cooperative ownership. The plan was ultimately declared effective as a noneviction plan in 1981. The May 12, 1981 seventh amendment to the conversion plan, at issue in this action, offered original tenants such as plaintiffs "the non-exclusive right for a period of fifteen (15) days from the date of presentation of [the amendment] (and not thereafter) to purchase shares allocated to their apartments for a reduced Total Cash Payment of

$40.00 per share. After the expiration of said fifteen day period, the * * * price shall be $70.00 per share without further amendment to the Plan." Alleging that they were never served with the seventh amendment and that the 15-day period set forth therein had not begun to run, plaintiffs commenced this action in 1986 seeking, *inter alia,* to purchase the 788 shares assigned to apartment 4M for the $40 per share price. The matter came on for trial and Supreme Court determined that the seventh amendment was timely served upon plaintiffs in May 1981 both by placing it under the door to their apartment and by mailing it to plaintiffs by first class mail. Judgment was entered in favor of defendant dismissing the complaint. Plaintiffs appeal.

In our view, the trial evidence adequately supports Supreme Court's finding that defendant served the seventh amendment upon plaintiffs by first class mail in accordance with 13 NYCRR 18.1 (d) (1) (iv) *(b) (see, Lizby Assocs. v Baron,* 130 Misc 2d 834; *see also, Conforti v Cammarata,* 111 AD2d 11, *lv denied* 65 NY2d 608). We accordingly affirm. Ted Wolf, president of North American Condominium Management, Inc., defendant's sales agent during 1980 and 1981, was the person responsible for distributing the offering plan and amendments thereto. Concerning the seventh amendment, Wolf testified from personal knowledge regarding the preparation of address labels from a master word processing file of residents' names and addresses and the manner in which the notices were distributed and mailed the following day *(see,* 4 Frumer-Biskind, Bender's NY Evidence § 240.01, at 290.23). According to Wolf, no notice addressed to plaintiffs was returned by the post office as undeliverable and no tenant ever complained of nonreceipt of any notice. In view of plaintiffs' interest in the action and the incredible nature of their contrary testimony, Supreme Court properly resolved credibility issues against them *(see, Conforti v Cammarata, supra).*

Plaintiffs' remaining contentions are either academic or have been considered and rejected.

Levine, J. P., Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed, with costs.