■  GML, INC., et al., Appellants, v CINQUE & CINQUE, P.C., et al., Respondents. [825 NYS2d 212]—

Judgment, Supreme Court, New York County (Barbara R. Kapnick, J.), entered on or about October 12, 2005, dismissing the complaint and bringing up for review an order, same court and Justice, entered October 3, 2005, which granted defendants' motion for summary judgment, unanimously affirmed, with costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The court properly applied CPLR 202 in dismissing the action as time-barred, since Tennessee has a one-year statute of limitations for legal malpractice actions. The tolling provision in the Tennessee statute was not available to plaintiffs, since they were not Tennessee residents (*see Barbour v Erwin*, 14 Lea [82 Tenn] 716, 719-720 [1885]; *Cellura v Cellura*, 24 AD2d 59 [1965]), and since Tennessee has a provision for service on out-of-state defendants (*see Arrowood v McMinn County*, 173 Tenn 562, 121 SW2d 566 [1938]; *Burris v Alexander Mfg. Co.*, 51 Misc 2d 543, 545 [1966]). This is so even where, as plaintiffs claim herein, defendants have not developed sufficient contacts with the foreign state for its courts to be capable of asserting personal jurisdiction over them (*see Insurance Co. of N. Am. v ABB Power Generation*, 91 NY2d 180 [1997]).

We have considered the plaintiffs' remaining contentions and find them unavailing. Concur—Tom, J.P., Marlow, Williams, Catterson and Malone, JJ.