This memorandum is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------

No. 75
CRP/Extell Parcel I, L.P.,
            Respondent,
        v.
Andrew M. Cuomo, &c., et al.,
            Respondents,
3to4, LLC, et al.,
            Appellants.


            John A. Coleman, Jr., for appellants.
            Jason C. Cyrulnik, for respondent CRP/Extell
Parcel I, L.P.


MEMORANDUM:

            The order of the Appellate Division should be affirmed,

with costs, and the certified question answered in the

affirmative.

            Petitioner CRP/Extell Parcel I, L.P., the sponsor of

- 1 -

newly-constructed luxury condominium units in Manhattan, filed an offering plan in 2006 with the Attorney General's office. Under the Plan, the purchaser of a unit was required to make a down payment upon the signing of a purchase agreement, with the down payment to be held in an interest-bearing escrow account. The Plan also provided that, if the first closing did not occur by September 1, 2008, the purchaser would have the right to rescind the purchase agreement and have the down payment plus any interest earned returned.

Respondents constitute forty-one purchasers who entered into purchase agreements with CRP between 2006 and 2008. When the first closing did not occur by the rescission date, the Purchasers demanded return of their down payments. CRP refused, claiming that the September 1, 2008 date indicated in the Plan was a "scrivener's error" and that the actual rescission date should have been September 1, 2009. The Purchasers filed applications seeking release of their down payments with the Attorney General who, after considering all the relevant facts and legal issues presented by the parties, found in the Purchasers' favor and ordered the down payments returned.

CRP then brought this hybrid CPLR article 78 proceeding challenging the Attorney General's determinations as arbitrary and capricious and seeking reformation of the purchase agreements based on the claimed scrivener's error.

In January 2012, Supreme Court denied CRP's petition to

annul the Attorney General's determinations, directed the release and return of the down payments with accumulated escrow interest, and dismissed the action (2012 NY Slip Op 32329[U] [Sup Ct, NY County 2012]).  CRP appealed to the Appellate Division, which affirmed Supreme Court's judgment (101 AD3d 473 [1st Dept 2015]). In December 2012, CRP returned the down payments and accumulated escrow interest to the Purchasers.

While CRP was appealing Supreme Court's judgment dismissing its action, some of the Purchasers filed a motion seeking an award of statutory interest under Civil Practice Law and Rules § 5001.  Supreme Court granted the motion, and in August 2013, directed entry of a judgment of approximately $4.9 million, representing interest at the statutory rate.  Upon appeal, the Appellate Division reversed; the court denied the Purchasers' motion and vacated the statutory interest judgment (124 AD3d 560 [1st Dept 2015]).

We agree with the Appellate Division that Supreme Court lacked jurisdiction to award statutory interest on the January 2012 judgment that dismissed the petition.  Contrary to the Purchaser's contention, the January 2012 paper, denominated an "order," was a final judgment dismissing the proceeding (see De Paula v Memory Gardens, Inc., 90 AD2d 886, 886 [3d Dept 1982]). Once Supreme Court dismissed CRP's petition and judgment was entered, the court was without jurisdiction to entertain the Purchaser's post-judgment motion for statutory interest (see CPLR

7806; <u>see</u> <u>also</u> <u>De Paula</u>, 90 AD2d at 886).

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed, with costs, and certified question answered in the affirmative, in a memorandum.  Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam, Stein, Fahey and Garcia concur.


Decided June 2, 2016